IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | RECEIVED |
| ) | 2006 OCT 20 A 9: 28 |
| CYNTHIA F. TONEY, A/K/A ) | |
| CYNTHIA F. PASSMORE, ) | T. HACKETT |
| ) | U.S. DISTRICT COURT |
| PLAINTIFF, ) | MIDDLE DISTRICT ALA |
| ) | CASE NUMBER: 2:06CV949-ID |
| vs. ) | |
| ) | JURY DEMAND |
| MEDICAL DATA SYSTEMS, INC., ) | |
| D/B/A MEDICAL REVENUE SERVICES, INC., ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is a Complaint for damages, for actual and statutory damages, brought by the Plaintiff, Cynthia F. Toney, a/k/a Cynthia F. Passmore (hereinafter, "Cynthia F. Toney"), against the Defendant, Medical Data Systems, Inc., d/b/a Medical Revenue Services, Inc., for violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692, et seq.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this proceeding pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

3. Venue before this Court is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### III. PARTIES

4. The Plaintiff, Cynthia F. Toney, is a resident citizen of the State of Alabama, and is over the age of 21 years old.

5. The Defendant, Medical Data Systems, Inc. d/b/a Medical Revenue Services, Inc. (hereinafter, "Medical Revenue"), is a Florida corporation engaged in the debt collection business with its principal place of business being located at 2001 9th Avenue, Suite 312, Vero Beach, Florida 32960. The Defendant's principal purpose is to collect debts using the mail and telephone. The Defendant, Medical Revenue, regularly attempts to collect debts alleged to be due another.

7. The Defendant, Medical Revenue, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. The alleged debt was for personal, family, or household purposes.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff, Cynthia F. Toney, sought relief under Title 11 Chapter 13 on November 11, 2002.

10. The Plaintiff converted her Chapter 13 bankruptcy case to a case under Chapter 7 on March 9, 2004. Plaintiff received a discharge of her liabilities on June 30, 2004.

11. 11 U.S.C. § 348 (d) provides that "a claim against the...debtor that arises after the order for relief but before conversion in a case that is converted under §...1307...shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition."

12. The Defendant undertook a collection effort consisting of a series of letters beginning in approximately April, 2006.

13. The collection effort sought to collect on a debt allegedly owed to the original creditor, Medical Center Enterprise, that were incurred on August 12, 2003, August 19, 2003, and November 28, 2003, respectively.

14. The alleged debt in which the Defendant sought to collect was discharged in the Plaintiff's underlying Chapter 7 bankruptcy case.

15. The Defendant, Medical Revenue, has no reasonable procedures in place to determine whether a consumer has sought bankruptcy protection.

16. In approximately April, 2006, Defendant, Medical Revenue, mailed Plaintiff a collection notice seeking to collect an alleged consumer debt. A copy of the collection notice is attached hereto as Exhibit "A."

17. The collection letter, Exhibit "A," states "we must determine your ability to repay this debt. The information we may be seeking, if available, to determine what further collection effort to take is:

    1.) Real estate ownership/equity
    2.) Personal property assets
    3.) Savings, checking balances
    4.) Your source of income
    5.) Automotive ownership
    6.) Verification of employment"

18. The Defendant, by its own admission, would conduct an extensive investigation into the Plaintiff's financial background. Had it done so, the Defendant would have easily determined that the Plaintiff filed for bankruptcy protection.

19. On or about May 3, 2006, the Plaintiff, intimidated by the collection efforts of the Defendant, mailed a $50.00 payment on this account.

20. On or about June 13, 2006, the Plaintiff, being intimidated by the Defendant's collection efforts, mailed an additional payment of $50.00 to the Defendant toward the account.

21. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means to collect or attempt to collect an alleged debt. 15 U.S.C. §§ 1692e & 1692e(10).

22. The FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

23. The FDCPA further prohibits a debt collector from taking or threatening to take any non-judicial action to effect dispossession or disablement of property if there is no present intention to take possession of the property or the property is exempt by law from such dispossession or disablement. 15 U.S.C. § 1692f(6)(B) & (C).

24. Defendant, Medical Revenue, would not and did not seek to determine information pertaining to Real estate ownership/equity; Personal property assets; Savings, checking balances; Source of income; Automobile ownership; or Verification of employment.

25. Defendant's threat to conduct an asset and property ownership investigation was designed to deceive the Plaintiff, and to intimidate the Plaintiff to pay the alleged account for fear of having some type of intrusive and overreaching investigation conducted in to her personal affairs.

### COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

26. Plaintiff, Cynthia F. Toney, adopts and incorporates paragraphs 1 through 25 as if fully set out herein.

27. The Defendant violated § 1692b by threatening to contact third parties for the purpose of obtaining information pertaining to assets. The FDCPA only allows third party contact for the purpose of obtaining location information.

28. The Defendant violated § 1692c(b) communicating with unauthorized third parties for purposes other than acquiring location information.

29. The Defendant violated 15 U.S.C. §§ 1692e & 1692e(10) by sending a false, deceptive, or misleading communication to a consumer in connection with the collection of an alleged debt.

30. The Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of a debt. The Defendant violated this section by attempting to collect an amount the Defendant purported was due and owing when in fact, the legal status of the debt was discharged.

31. The Defendant violated § 1692e(4) by representing or implying that non-payment of the alleged debt will result in the seizure, garnishment, attachment or sale of property or wages when the Defendant's had no legal right to such action and did not intend to take such action.

32. The Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action which could not legally be taken or that was not intended to be taken.

33. The Defendant violated 15 U.S.C. § 1692f(6)(B) & (C) by implying its ability to take real estate or personal property when there was no present intent to take possession of such property or by implying its ability to take real property or personal property when same was exempt by law from such dispossession.

34.  The Defendant's violation of 15 U.S.C. § 1692, et seq renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Cynthia F. Toney, respectfully requests this Honorable Court enter judgment against the Defendant, Medical Data Systems, Inc. d/b/a Medical Revenue Services, Inc., for the following:

a)  Actual damages in the amount of $100.00 representing the Plaintiff's payment on a discharged debt;

b)  Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c)  Costs and reasonable attorney fees pursuant to 11 U.S.C. § 362(k)(1) and 15 U.S.C. § 1692k; and,

d)  For such other relief that is just.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@centurytel.net

**EXHIBIT A**

Medical Revenue Service is a collection agency, retained to represent the below named creditor. Since you have failed to pay this obligation in full, we now must determine your ability to repay this debt. The information we may be seeking, if available, to determine what further collection effort to take is:

1.) Real estate ownership/equity
2.) Personal property assets
3.) Savings, checking balances
4.) Your source of income
5.) Automobile ownership
6.) Verification of employment

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please make your check or money order payable to Medical Revenue Service. In order to assure proper credit to your account, include the reference number with your payment. We also accept "check by telephone" for your convenience. If you have any questions, you may contact an account representative at the above listed phone number.

Pursuant to Section 807(11) FDCPA, this communication is from a debt collector and is an attempt to collect a debt. Any further information obtained will be used for that purpose.

A. U. Clancy
Collection Department

AUC/tb

| Account # | Client Name | Service Date | Balance | Patient Name |
|---|---|---|---|---|
| E0323100026 | Medical Center Enterprise | 08/19/2003 | 55.00 | Passmore, Cynthia F |
| E0333200036 | Medical Center Enterprise | 11/28/2003 | 75.00 | Passmore, Cynthia F |
| E0322400161 | Medical Center Enterprise | 08/12/2003 | 447.65 | Passmore, Cynthia F |

TOTAL BALANCE: $577.65

*[handwritten: Cynthia Toney  
6-24-64  
SS# 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]*

224016