# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

CYNTHIA F. TONEY, A/K/A
CYNTHIA F. PASSMORE,

    PLAINTIFF,

v.

MEDICAL DATA SYSTEMS, INC.
d/b/a MEDICAL REVENUE
SERVICES, INC.,

    DEFENDANT

CASE NO. 2:06-cv-949

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DEEM FACTS ADMITTED

Defendant Medical Data Systems, Inc. ("MDS") respectfully moves this Court to deny Plaintiff's Motion to Deem Facts because MDS was forced to hire new counsel in this matter on July 17, 2007 due to former counsel's inattention to, inaction in, and mismanagement of this matter, which only recently became known to MDS. In further support of this Motion, MDS shows this Court the following:

1.     MDS's failure to respond to the request for admissions should not be deemed as facts admitted.

2.     MDS retained Paul, Hastings, Janofsky & Walker LLP as lead counsel in this matter on July 17, 2007. On July 18, 2007, Paul Hastings hired Christian & Small LLP as local counsel in Alabama to assist with this matter. Local counsel has filed a notice of appearance in this matter and will continue to assist Paul Hastings until it can seek pro hac vice admission in this matter from this Court.

3.     On July 19, 2007, MDS, through Paul Hastings, conveyed to previous lead counsel in this matter, Russel McGill ("Mr. McGill"), that he was to immediately withdraw from this case and would no longer be representing MDS due to his failure to attend to this matter.  Mr. McGill agreed to withdraw.

4.     Specifically, in the past week, MDS became aware of Mr. McGill's repeated and continuous failure in this case to comply with various court orders, respond to discovery requests, respond to Plaintiff's motions, or to take any action on behalf of MDS.

5.     Unfortunately, Mr. McGill's inattention and inaction is not limited to this matter alone and extends to 24 additional cases, which are related to this action in that they raise similar arguments and claims under the Fair Debt Collection Practices Act.  These cases involve the same allegedly improper debt collection letter sent by MDS to the various plaintiffs in those actions.  These additional actions currently are pending in the United States Bankruptcy Court for the Middle District of Alabama[1] and United States District Court for the Middle District of Alabama.  Until July 19, 2007, Mr. McGill was lead counsel in all of these cases.

6.     Mr. McGill's conduct should not be imputed to MDS, especially considering once revealed, MDS immediately retained alternative counsel and removed Mr. McGill from this case and all other cases he was handling for MDS in Alabama.

7.     Given the specific circumstances involved here, including the inattention to, inaction in, and mismanagement of this matter by MDS's former counsel, the

---

[1] The Bankruptcy Court has stayed 22 related matters pending resolution of a similar and previously filed case known as *Cambron v. Medical Data Systems, Inc.*, case numbers 1:07-cv-369 and 1:07-cv-370.

LEGAL_US_E # 75854988.2

recent retention of new counsel, and new counsel's immediate need to become educated in not only this case, but more than twenty other cases related to this matter filed by the same opposing counsel, this Court should exercise its discretion and not deem facts admitted based upon previous nonresponsiveness to request for admissions.

8.      Further, opposing counsel should not be permitted to take advantage of former counsel's inattention to, inaction in, and mismanagement of this matter in order to force settlement or otherwise gain an advantage over MDS's new counsel, who seek only to have time to evaluate the issues in this case, engage in a meaningful discovery effort, and work to resolve this case fairly and expeditiously.  MDS should not be doomed to failure because of former counsel's inadequate representation.

9.      Trial courts enjoy broad discretion in the management of all pretrial affairs. *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998).  This includes the timing of discovery.  *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (trial judges exercise broad discretion in discovery matters); *accord DeRubeis v. Witten Techs., Inc.*, 2007 U.S. Dist. LEXIS 30047, at *4 (N.D. Ga. 2007) (a court has broad discretion to modify the specific timing and sequence of discovery).

10.     Failure to respond to the request for admissions can be characterized as excusable neglect. *Smith v. First National Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988). Excusable neglect is a flexible and lenient standard, especially in the absence of bad faith. *United States v. Jefferson*, 315 F. Supp. 2d 1187, 1188 (M.D. Ala.

2004); *see, e.g., Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201-02 (11th Cir. 1999) (finding excusable neglect for a one-month delay in responding to a motion to dismiss resulting from a clerical error and in absence of bad faith); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect for a six-day delay in filing a notice for trial de novo following a court-ordered arbitration resulting from attorney miscommunication and in absence of bad faith or dilatory intent).

11.    Excusable neglect encompasses inadvertence, mistake, carelessness, or intervening circumstances beyond the parties' control. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 113 S. Ct. 1489, 1495 (1993); *see, e.g., Sarchapone v. Commissioner*, T.C. Memo 1983-446, at *4-5 (T.C. 1983) (holding that the inadvertence of petitioner's former counsel was sufficient to grant petitioner's request to withdraw facts deemed admitted against petitioner).

12.    MDS submits that former counsel's inattention, inaction, and mismanagement in this matter constitutes excusable neglect, especially considering that once MDS learned of former counsel's behavior, MDS acted to replace former counsel immediately and expeditiously.

13.    Furthermore, Federal Rule 36(b) sets forth a two pronged test that must be used to evaluate whether allowing a withdrawal of admissions is appropriate: (1) will the presentation of the merits be subserved by the withdrawal; and (2) whether the party that obtained the admissions will be prejudiced in its presentation of the case by the withdrawal. *Smith v. First National Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988); *Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002)

- 4 -

- 5 -

(explaining that district courts should use the two-part test under Rule 36(b)). Similarly, a request to be allowed to file late answers to requests for admissions is the equivalent of allowance of withdrawal of admissions under Rule 36(b) and thus, the applicable test is the one embodied in Rule 36(b) when the presentation of the merits will be served by the late response and when no prejudice will accrue to the party who had requested the admission. *Herrin v. Blackman*, 89 F.R.D. 622, 623-624 (W.D. Tenn. 1981).

14.    As to the first element of Rule 36's two-pronged test, "[t]he first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

15.    As to the second prong, "[t]he prejudice contemplated by [Rule 36] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Brook Village North Assocs. v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir. 1982).

16.    While there is not an absolute right to have admissions withdrawn, district courts must abide by the two-part test of Rule 36(b) in order to best fulfill the purpose of the rule. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1265 (11th Cir. 2002).

17.    In this case, withdrawal of the admissions will subserve the presentation of the merits.  Withdrawal of the admissions will promote more accurate fact-finding.

LEGAL_US_E # 75854988.2

- 6 -

Moreover, given the unique circumstances outlined here, MDS will be substantially prejudiced if the facts are admitted as these facts will prevent any presentation of the merits of this case.

18.    Additionally, withdrawal will not prejudice the Plaintiff. Plaintiff has collected evidence, through deposition testimony and other documents, bearing on each of Plaintiff's Requests to Admit.

19.    Furthermore, Plaintiff should not be entitled to judicial admissions when MDS is ready and willing to provide appropriate, substantive responses to Plaintiff's requests for admission.

20.    Lastly, MDS directs this Court's attention to the fact that not one extension has been requested or granted thus far in this case.

21.    For all of the foregoing reasons, plaintiff's motion to deem facts admitted should be denied.

Respectfully submitted this _2 4_ day of July, 2007.

_____

James C. Huckaby, Jr.
J. Kirkman Garrett
*Local Counsel for Defendant Medical Data Systems, Inc.*

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203
Telephone:(205) 795-6588
Facsimile: (205) 328-7234

LEGAL_US_E # 75854988.2

-- AND --

John G. Parker
Georgia Bar No. 562425
Stefanie H. Jackman
Georgia Bar No. 335652
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia  30308-2222
Tel. (404) 815-2400
Fax (404) 815-2424

## CERTIFICATE OF SERVICE

I hereby certify that on this 2 4 day of July, 2007, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Michael D. Brock, Esq.
Gary Wyatt Stout, Esq.
Walter Allen Blakeney, Esq.
David Gerald Poston, Esq.
BROCK & STOUT
PO Drawer 311167
Enterprise, AL 36331-1167
brockstout@enter.twcbc.com
walter@circlecitylaw.com
david@circlecitylaw.com

_____
OF COUNSEL

LEGAL_US_E # 75854988.2