IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CYNTHIA F. TONEY, ) | |
| a/k/a CYNTHIA F. PASSMORE, ) | |
| ) | |
| Plaintiff, ) | CASE NUMBER: 2:06-CV-949 |
| ) | |
| vs. ) | |
| ) | |
| MEDICAL DATA SYSTEMS, INC., ) | |
| d/b/a MEDICAL REVENUE SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S
MOTION TO STAY PROCEEDINGS**

**I. INTRODUCTION**

COMES NOW the Plaintiff by and through the undersigned attorney and objects to the Defendant's Motion to Stay Proceedings. In response to the Defendant's motion, the Plaintiff states as follows:

1. On October 20, 2006, the Plaintiff filed the above-styled civil proceeding against Medical Data Systems, Inc., d/b/a Medical Revenue Services, Inc. (hereinafter "Medical Data").

2. In accordance with this Court's Rule 26(f) order, the parties by and through counsel submitted the proposed Rule 26(f) Planning Meeting Report to the Court.

3. On December 19, 2006, this Honorable Court set forth certain deadlines regarding the progress of this civil matter.

4. The instant case is one of approximately twenty-four (24) lawsuits against Medical Data alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA).

5.  All the lawsuits pertain to the Defendant's form debt collection letter, also known as the PL1 letter.

6.  In the adversary proceeding styled, <u>Cambron v. Medical Data Systems, Inc. d/b/a Medical Revenue Services, Inc.</u>, Adversary Proceeding number 06-1057-WRS and 06-1058-WRS, Federal District Court case numbers 1:07-cv-369 and 1:07-cv-370, the Honorable William R. Sawyer entered a proposed Report and Recommendation on April 5, 2007. This Report and Recommendation is attached hereto as Plaintiff's Exhibit "1".

7.  The <u>Cambron</u> lawsuits were the first matters actually tried as it pertains to the Defendant's form debt collection letter known as the PL1 letter.

8.  In the proposed Report and Recommendation dated April 5, 2007, the Honorable William R. Sawyer found that the Defendant violated the FDCPA. Plaintiff's Exhibit "1".

9.  Subsequently, the Defendant objected to Judge Sawyer's Report and Recommendation. The Defendant's objection was signed by the Honorable Russel A. McGill, Esq., and the Honorable John G. Parker, Esq., of the law firm of Paul, Hastings, Janofsky & Walker, LLP. Mr. Parker indicated that his firm was co-counsel for the Defendant, Medical Data.

10. The majority of the lawsuits against Medical Data are pending in the United States Bankruptcy Court for the Middle District of Alabama.

11. Judge Dwight H. Williams, Jr., is the presiding judge in the vast majority of the Medical Data lawsuits.

12. After the Defendant objected to Judge Sawyer's Report and Recommendation in the <u>Cambron</u> matter, Judge Williams stayed all of the bankruptcy proceedings pending the District Court's de novo review of <u>Cambron</u>.

## II. ARGUMENT

A. DEFENDANT'S SECOND LAW FIRM PREVIOUSLY INDICATED THAT IT WAS CO-COUNSEL FOR DEFENDANT

As early as April 20, 2007, the law firm of Paul, Hastings, Janofsky & Walker, LLP. signed or indicated that it was co-counsel for Defendant, Medical Data, in the Adversary Proceeding styled Cambron v. Medical Data Systems, Inc. d/b/a Medical Revenue Services, Inc., Adversary Proceeding numbers 06-1057-WRS and 06-1058-WRS, Federal District Court case numbers 1:07-cv-369 and 1:07-cv-370.  Because of the extensive litigation against Medical Data, it is reasonable to assume that Defendant's "co-counsel" was aware of all pending lawsuits.  The Plaintiff should not be prejudiced by the Defendant's inattention and failure to research all of the lawsuits that are currently available on  "PACER" CM/ECF Court docket.

B. THE HISTORY IN THE INSTANT CASE DOES NOT JUSTIFY A STAY

As grounds for the stay, the Defendant first cites I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1552 (11th Cir. 1986).  The Eleventh Circuit in I.A. Durbin stated that "a discretionary stay is justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254-259 (U.S. 1936); See also GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985).  The Defendant argues that a stay is appropriate for the instant case.  If an attorney's alleged negligence does not constitute grounds for excusable neglect, the Defendant cannot demonstrate "clear inequity" for staying the instant case.

Indeed, Courts are clear in holding that attorney negligence is not excusable neglect. Link v. Wabash R. Co., 370 U.S. 626, 633-634 (U.S. 1962) (Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by

the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney.); Gayle v. UPS, 401 F.3d 222, 227 (4th Cir. 2005) ("We think that attorney negligence -- including allowing a client's case to fall through the cracks -- is even less an extraordinary circumstance."); Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 133-134 (7th Cir. 1996) ("An unaccountable lapse is not excusable neglect. The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") In re Walters, 868 F.2d 665, 668-669 (4th Cir. 1989) ("one cannot voluntarily choose an attorney and then avoid the consequences of the attorney's acts or omissions.")

To be sure, if the Defendant cannot demonstrate excusable neglect, the Defendant has suffered no "clear inequity" in the present case. Furthermore, a stay is appropriate only in cases of "moderation rather than limitations upon power." Landis at 255. The Defendant's failure to respond to the Plaintiff's Request for Admissions is not an inequity justifying a stay. In fact, the Defendant's alleged negligence caused the purported inequity.

The Defendant attempts to "hang its hat" on the progress of Cambron, Adversary Proceeding numbers 06-1057-WRS and 06-1058-WRS, Federal District Court case numbers 1:07-cv-369 and 1:07-cv-370, as additional grounds for the stay. In I.A. Durbin, the Eleventh Circuit framed the Court's consideration of a discretionary stay where there are "reasonable limits" to stay a pending lawsuit. The decision in Cambron is currently pending in the United States District Court for the Middle District of Alabama. In accordance with Federal Rule of Bankruptcy Procedure 9033, the United States District Court makes a *de novo* review upon the record and is permitted to accept, reject, or modify the proposed findings of fact or conclusion of law. The District Court may also recommit the matter to the Bankruptcy Judge with instructions. Fed. R. Bankr. Proc. 9033(d). After the matter is ultimately decided, arguably the proposed findings of fact are reviewable by the

United States Circuit Court of Appeals for the Eleventh Circuit. Given the uncertain timetable for resolving Cambron, it is unlikely that a stay in this proceeding would be within "reasonable limits."

C.   FACTS WILL BE AVAILABLE IN THIS PROCEEDING THAT WERE NOT CONSIDERED IN CAMBRON

In its motion for stay, the Defendant cites the possibility of inconsistent judgments as the basis for staying the instant case. In essence, both the Cambron matter and the instant case are pending in the United States District Court for the Middle District of Alabama. In the instant case, the Plaintiff is able to continue the discovery process. In addition, the Defendant's 30(b)(6) corporate representative trial transcript and deposition will be available for this Court's consideration in deciding the instant case. Conversely, in the decision of Cambron v. Medical Data Systems, Inc., the Defendant's corporate representative did not appear for the first scheduled deposition.

In Cambron, the undersigned attorney agreed that the Plaintiff would not seek costs based on the Defendant's failure to appear at the first scheduled deposition. Instead, it was agreed that the Defendant would seek an extension of discovery and request an emergency hearing. See attached Exhibit "2," Russel A. McGill's Motion For Extension of Time. Rather than extend discovery in the Cambron case, Judge William R. Sawyer set this matter for a trial thereby limiting the Plaintiff's ability to obtain additional discovery.

Nonetheless, the Plaintiff was successful in the trial on the merits concerning FDCPA liability. Following the Cambron trial, the Plaintiff set about deposing various employees of the Defendant and obtaining relevant testimony regarding disposition of the instant case. As such, the Plaintiff will have significantly more discovery at her disposal in the case at hand. The facts at this Court's disposal will be significantly different from those upon which the Cambron case was decided. For that reason, the Defendant's fear of inconsistent judgments is unfounded.

D.     <u>THE DEFENDANT IS ATTEMPTING TO USE THE POSSIBILITY OF SETTLEMENT NEGOTIATIONS IN THIS CASE AS A SHIELD</u>

In the Defendant's motion to stay proceeding, Defendant argues that "staying this matter will increase the ability of the parties to seriously consider whether settlement is appropriate." The Defendant picks a convenient time to begin discussing settlement opportunities. This case was filed on October 20, 2006. At no point since the filing of this lawsuit has the Defendant ever attempted settlement negotiations. The Defendant has selected a very opportune time to consider settlement negotiations. However, since the Defendant has not attempted settlement negotiations in the past, there is little reason to believe they will do so in the future.

### III. CONCLUSION

The main thrust of the Defendant's argument giving rise to Defendant's motion to stay proceedings is the alleged negligence of Defendant's prior counsel. The Defendant is not an unsophisticated party. In fact, the Defendant is no stranger to the realm of litigation. As such, to place the blame for Defendant's current position solely on the shoulders of Defendant's former counsel seems tedious at best. Regardless of this fact, the alleged negligence of Defendant's former counsel is not excusable neglect.

As early as April 2007, the Defendant felt it was necessary to retain additional representation in <u>Cambron</u>, a case in which Defendant was also represented by Russel A. McGill, Esq. It would seem that if there were genuine questions as to Mr. McGill's effectiveness as counsel, the Defendant would have effected a change of counsel in all of its pending cases. However, the Defendant chose not to do so. This decision was no more or less important than any number of decisions faced by parties engaged in the process of litigation. The Defendant should not be given a free pass merely because they feel they made the wrong decision.

This Honorable Court should not be constrained by any future ruling in Cambron. Even if Cambron is decided in the Defendant's favor, additional discovery is available in the determination of this case. As such, there is no reason to stay this proceeding pending the outcome of Cambron. For that reason, this Court should deny the Defendant's motion to stay.

Respectfully submitted this 1st day of August, 2007.

BROCK & STOUT

/s/ Walter A. Blakeney
Walter A. Blakeney, Esq.
for David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 671-5555
Fax: (334) 671-2689
Email: christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that I have this date served a copy of the foregoing upon James C. Huckaby, Jr., Esq., J. Kirkman Garrett, Esq., John G. Parker, Esq., and Stefanie Jackman, Esq., via electronic mail at jch@hsdpc.com, jkgarrett@csattorneys.com, johnparker@paulhastings.com, and stefaniejackman@paulhastings.com, this 1st day of August, 2007.

/s/ Walter A. Blakeney
Walter A. Blakeney