IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA F. TONEY, A/K/A<br>CYNTHIA F. PASSMORE,<br><br>PLAINTIFF,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC.<br>d/b/a MEDICAL REVENUE<br>SERVICES, INC.,<br><br>DEFENDANT | CASE NO. 2:06-cv-949 |

### DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant Medical Data Systems, Inc. ("MDS") submits this Reply in support of MDS's Motion to Stay Proceedings in this matter and in response to Plaintiff Cynthia F. Toney, a/k/a Cynthia F. Passmore's ("Plaintiff") Objection and Response. In support of this Reply, MDS states as follows:

A.  **Undersigned Counsel Did Not Represent MDS In This Litigation Or Have Any Knowledge Of This Litigation Until July 17, 2007**

1. As opposing counsel is aware from earlier conversations in this matter, undersigned counsel was not involved, nor under any obligation to be involved, in this matter until July 17, 2007, when undersigned counsel was substituted as lead counsel in this matter due to the similarity of the issues in this matter to those in <u>Cambron v. Medical Data Systems, Inc</u>.

2. MDS retained undersigned counsel only in <u>Cambron</u> in April, 2007 to handle the appeal of that matter after Judge Sawyer of the United States Bankruptcy Court for the Middle

District of Alabama rendered his proposed report and recommendation in favor of the plaintiff in that matter.

3. Prior to July 17, 2007, undersigned counsel had no involvement in or specific knowledge of this matter, or any of the other 24 pending matters related to <u>Cambron</u>, as Mr. McGill was the sole attorney hired by MDS to handle this matter and those related matters.

4. On the afternoon of Friday, June 29, 2007, opposing counsel contacted undersigned counsel in one of the related matters, <u>Andrews v. Medical Data Systems, Inc.</u>, case no. 1:06-cv-729, to discuss a joint settlement statement that needed to be filed in that matter pursuant to the scheduling order in effect in that case. According to opposing counsel, Mr. McGill had not been responsive and told opposing counsel to contact undersigned counsel. At that time, undersigned counsel specifically informed opposing counsel that we were not involved in <u>Andrews</u> and did not represent MDS in that matter. However, given that <u>Andrews</u> involved similar issues as <u>Cambron</u>, we assisted Mr. McGill and opposing counsel in deciding how to draft the joint statement for filing in <u>Andrews</u> in order to reflect MDS's larger position and how it related to MDS's appeal in <u>Cambron</u>.

5. On July 10, 2007, MDS stated that it wanted undersigned counsel to assume control of all of the matters being handled by Mr. McGill and which related to <u>Cambron</u> in order to consolidate and streamline that litigation.

6. Mr. McGill provided undersigned counsel with a full list of the cases he was handling for MDS on the afternoon of July 16, 2007. The next morning, undersigned counsel began to pull the dockets for each of the 25 cases on that list and, upon doing so, realized that severe problems existed in not only this matter, but also in the other 24 related matters, due to former counsel's inaction. At that time, undersigned counsel also learned

that opposing counsel served as lead counsel in not only this litigation, but also in the vast majority of the additional 24 cases related to <u>Cambron</u> and currently pending against MDS.

7. On July 17, 2007, MDS asked Mr. McGill to withdraw as counsel from this case and the 24 related cases. Mr. McGill filed his motion to withdraw on July 26, 2007, which Your Honor granted on July 27, 2007.

8. Until July 17, 2007, it is simply not reasonable to assert that undersigned counsel had any duty or obligation to monitor this litigation or check the "PACER" CM/ECF Court docket, as suggested by Plaintiff in her response, because undersigned counsel were not involved in this litigation, had not been retained by MDS in this litigation, and, therefore, were under no duty or obligation to have any involvement or oversight of this litigation.

9. Moreover, former counsel's inattention and inaction in this matter were not known to undersigned counsel or MDS until July 17, 2007, when undersigned counsel was retained in this matter and began reviewing the dockets of the cases related to <u>Cambron</u> handled by Mr. McGill. Only after undersigned counsel received that list and began to review the dockets did any of the issues in these matters come to light. Once disclosed, MDS immediately retained new local counsel and asked Mr. McGill to formally withdraw from representing MDS in all of the 25 pending matters relating to <u>Cambron</u>.

**B.    This Court Should Grant MDS's Requested Stay As <u>Cambron</u> Stands To Significantly Impact MDS's Future Actions In This Matter, Risks Duplicate Litigation, Will Cause Prejudice To MDS, And Will Cause A Waste Of Valuable Judicial Resources; Not Because Of Former Counsel's Actions In This Matter.**

10. While MDS offered information about Mr. McGill's prior inattention and neglect in this matter to support its Motion, MDS's purpose in offering this information was to explain

to this Court why MDS had not filed its Motion to Stay immediately after lodging its appeal in Cambron.

11. As discussed in MDS's Motion to Stay, four additional reasons, substantially unrebutted by Plaintiff's response, support this Court granting MDS's requested stay: (1) there is a tangible risk of inconsistent judgments if this matter is not stayed; (2) a failure to stay this matter pending a decision in Cambron will waste judicial resources if inconsistent decisions are rendered; (3) MDS will suffer prejudice if this matter is not stayed and a stay will not prejudice Plaintiff; and (4) staying this matter will increase the ability of the parties to seriously consider whether settlement is appropriate in this matter.

12. MDS will be in a significantly better position to determine the appropriate future course of action in this matter, as well as evaluate whether any future use of judicial process and resources is appropriate, if allowed to make such determinations after a resolution of Cambron, or, in the alternative, at least after receiving a well-reasoned opinion in Cambron from the District Court.

13. Importantly, Judge Williams recognized the significance of MDS's arguments when he stayed all of the 22 related matters pending before him involving the same letter that is at issue in this case and in Cambron until January, 2008. The final resolution of Cambron, or, at a minimum, a ruling from the District Court in Cambron, stands to significantly impact how MDS will proceed, if at all, in this litigation.

14. Additionally, it is MDS's understanding and belief from previous conversations with Judge Albritton's clerk about Cambron that Judge Albritton hopes to issue an opinion in this matter by the end of August.

15. Furthermore, a stay in this matter is appropriate pending a resolution of <u>Cambron</u> in order to conserve valuable judicial resources and time, especially when considering the factual and legal similarities between these two matters and the fact that <u>Cambron</u> is first in time to this litigation.

16. Additionally, Plaintiff failed to articulate why or how any of the "additional" evidence obtained from MDS's employees should cause this Court to deny MDS's Motion for a Stay. MDS's position is that this additional evidence is merely cumulative of evidence and testimony already presented in <u>Cambron</u> bearing on the same issues, and Plaintiff presented no evidence to the contrary or for this Court's consideration.

17. Moreover, while the 30(b)(6) deposition of MDS's corporate representative may not have been available when the Bankruptcy Court issued its proposed report and recommendation in <u>Cambron</u>, Plaintiff did have the benefit of the knowledge she obtained from that deposition, which occurred on January 19th, 2007. [<u>See</u> Exhibit 1, p. 1 of Gary Ball's 30(b)(6) deposition]. Further highlighting this point is the fact that when opposing counsel examined MDS's corporate representative again at trial in <u>Cambron</u>, which occurred on March 15, 2007, the testimony elicited by opposing counsel substantially tracked the testimony given by MDS's corporate representative during his prior deposition three months earlier. [<u>See</u> Exhibit 2, p. 1 of Gary Ball's testimony in <u>Cambron</u>]. Therefore, Plaintiff's assertion that Plaintiff did not have the benefit of the 30(b)(6) deposition for use in <u>Cambron</u> is not accurate.

18. While MDS does not contend that the issues in both <u>Cambron</u> and this matter are absolutely identical and that one matter should absolutely determine the other, MDS reiterates that many of the same factual and legal issues exist in both matters. Given that

this matter, as well as a significant number of other related matters also brought by the same opposing counsel against MDS, involve the same letter at issue in <u>Cambron</u>, MDS reiterates that it will be better able to determine the appropriate course of action in this matter and work with opposing counsel to resolve this matter if a stay pending a resolution in <u>Cambron</u>, or at least a stay long enough to permit a decision from the District Court, is granted by this Court. Both sides previously invested significant time and effort in <u>Cambron</u>. Neither side needs to re-litigate related issues which have been previously briefed, litigated, appealed, and briefed again in <u>Cambron</u>. Failure to grant some sort of stay pending an outcome in <u>Cambron</u> would cause all of that time and effort to have been for nothing and would also cause that same time and effort to need to be expended again in this matter by both parties.

19. Furthermore, Plaintiff did not present any argument to rebut MDS's argument that the risk of inconsistent judgments, waste of judicial resources, risk of prejudice, and impact of <u>Cambron</u> upon future settlement do not present legitimate grounds to justify a stay of this matter by this Court.

C. **Plaintiff's Assertion That MDS Is Using Settlement As A Shield And Never Previously Discussed Settling This Matter Is Preposterous**

20. As to Plaintiff's claim that MDS has never attempted settlement negotiations in this matter, Plaintiff and her counsel are, and always have been, well aware of MDS's universal settlement position in this case, as well as all of the other matters relating to <u>Cambron</u>.

21. MDS and opposing counsel engaged in prior settlement discussions pertaining to this matter, as well as all of the other related matters brought by opposing counsel. Specifically, opposing counsel made a universal settlement offer to MDS that sought to

settle not only this matter, but all of the other <u>Cambron</u>-related matters that opposing counsel brought against MDS.

22. More recently, Plaintiff again engaged in settlement discussions with MDS and its counsel about these same issues on June 30, 2007 in <u>Andrews</u>. [<u>See</u> Exhibit 3, the Joint Report of Face-to-Face Settlement Discussions, filed by Plaintiff's counsel in <u>Andrews v. Medical Data Systems, Inc.</u>, case no. 1:06-cv-729].

23. Therefore, Plaintiff counsel's assertion on page 6 of his response that he has "little reason to believe [MDS] will do [settlement negotiations] in the future" is absurd as MDS has reiterated at every turn that any future settlement depends upon a decision in <u>Cambron</u>, which will significantly affect how MDS views this litigation and would evaluate further settlement offers.

WHEREFORE, MDS respectfully requests that this Court grant its Motion to Stay this matter pending a resolution of <u>Cambron</u>. Doing so will prevent inconsistent judgments, prevent a waste of judicial time and resources, allow the parties to seriously discuss the appropriate resolution of this matter and all related matters, and prevent prejudice to MDS if forced to continue in this litigation before either a final resolution in <u>Cambron</u>, or, at a minimum, after receiving the District Court's ruling and being able to re-evaluate the appropriate course for this litigation.

Respectfully submitted this ___6___ day of August, 2007.

_____
James C. Huckaby, Jr.
J. Kirkman Garrett
*Local Counsel for Defendant Medical Data Systems, Inc.*

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Telephone:(205) 795-6588
Facsimile: (205) 328-7234

-- AND --

John G. Parker
Georgia Bar No. 562425
Donald H. Crawford
Georgia Bar No. 141753
Stefanie H. Jackman
Georgia Bar No. 335652
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308-2222
Tel. (404) 815-2400
Fax (404) 815-2424

## CERTIFICATE OF SERVICE

I hereby certify that on this __6__ day of August, 2007, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Michael D. Brock, Esq.
Gary Wyatt Stout, Esq.
Walter Allen Blakeney, Esq.
David Gerald Poston, Esq.
BROCK & STOUT
PO Drawer 311167
Enterprise, AL 36331-1167
brockstout@enter.twcbc.com
walter@circlecitylaw.com
david@circlecitylaw.com

_____
OF COUNSEL

1

```
 1            IN THE UNITED STATES BANKRUPTCY COURT
 2                 MIDDLE DISTRICT OF ALABAMA
 3                      SOUTHERN DIVISION
 4
 5
 6   IN RE:                      )
                                 )
 7   JAMES R. CAMBRON &          )   BANKRUPTCY CASE NO.:
     WENDY L. CAMBRON,           )   05-11879
 8        DEBTORS.               )   CHAPTER 7 CASE

 9   ***********************************************

10   WENDY L. CAMBRON,           )
                                 )
11        PLAINTIFF,              )
                                 )
12   vs.                         )   A.P. NO.:  06-1058
                                 )
13   MEDICAL DATA SYSTEMS, INC., )
     D/B/A MEDICAL REVENUE       )
14   SERVICES, INC.,             )
                                 )
15        DEFENDANT.             )

16
```

17          The deposition of Gary Raymond Ball taken
18   pursuant to the Alabama Rules of Civil Procedure
19   before Tina L. Harrison, Court Reporter and Notary
20   Public, State at Large, at the law offices of Brock
21   & Stout, LLC, 807 East Lee Street, Enterprise,
22   Alabama, on the 19th day of January, 2007,
23   commencing at approximately 10:13 a.m.

**CONDENSED**

## Page 2 — APPEARANCES

FOR THE PLAINTIFF:

MR. MICHAEL D. BROCK, Attorney at Law, Brock & Stout, LLC, 807 East Lee Street, Post Office Box 311167, Enterprise, Alabama 36330.

MR. DAVID G. POSTON, Attorney at Law, Brock & Stout, LLC, 807 East Lee Street, Post Office Box 311167, Enterprise, Alabama 36330.

FOR THE DEFENDANT:

MR. RUSSEL A. McGILL, Attorney at Law, Brunson and Associates Attorneys, P.A., 301 Broad Street, Post Office Box 1189, Gadsden, Alabama 35902.

## Page 3 — STIPULATION

IT IS STIPULATED by and between Counsel for the parties that this deposition be taken at this time by Tina L. Harrison, Court Reporter and Notary Public, State at Large, who is to act as commissioner without formal issuance of commission to her; that said deposition be taken down stenographically, transcribed and certified by the commissioner.

Except for objections as to the form of the questions, no objections need be made at the time of the taking of the deposition by either party, but objections may be interposed by either party at the time the deposition is read into evidence, which shall be ruled upon by the Court on the trial of the cause upon the grounds of objection, then and there assigned.

The reading and signing of the deposition is waived.

## Page 4 — INDEX

| EXAMINATION BY: | PAGE NO. |
|---|---|
| Mr. Brock | 5 - 96 |

### EXHIBITS

| Plaintiff's | | PAGE NO. |
|---|---|---|
| 1 | Lawsuit | 6 |
| 2 | Notice of Deposition | 8 |
| 3 | Debtor Information Face Sheet | 9 |
| 4 | Contract | 11 |
| 5 | Manual | 13 |
| 6 | PL1 Letter | 29 |
| 7 | PL1 Letter | 51 |
| 8 | Debtor Information Face Sheet | 50 |

## Page 5

GARY RAYMOND BALL, being first duly sworn to tell the truth testified as follows:

EXAMINATION

BY MR. BROCK:

Q. Sir, I'm Mike Brock, and this is David Poston to my right. And we represent the plaintiffs in the matter that we're here for today. Could you state your name for the record, please?

A. Gary Raymond Ball, B-a-l-l.

Q. And your address?

A. 1380 Olde Doubloon -- that's O-l-d-e D-o-u-b-l-o-o-n -- Drive, Vero Beach, Florida 32963.

Q. And, sir, how are you employed?

A. I'm the vice president, chief operating officer, and chief financial officer of Medical Data Systems.

Q. Okay. And do they do business in the state of Alabama?

A. Yes, we do.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the matter of: ) | |
| ) | |
| CAMBRON, James R. and Wendy L., ) | Case No. 05-11879 |
| ) | |
| Debtors. ) | |
| | |
| JAMES R. CAMBRON ) | |
| vs. ) | AP No. 06-1057 |
| MEDICAL DATA SYSTEMS, INC. ) | |
| | |
| WENDY L. CAMBRON ) | |
| vs. ) | AP No. 06-1058 |
| MEDICAL DATA SYSTEMS, INC. ) | |

Montgomery, AL
March 15, 2007, 9:47 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE WILLIAM R. SAWYER
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:        David G. Poston
                    Michael D. Brock
                    BROCK & STOUT
                    P.O. Drawer 311167
                    Enterprise, AL 36330

                    Russell A. McGill
                    Brunson & Associates
                    P.O. Box 1189
                    301 Broad St.
                    Gadsden, AL 35902

Electronic Recorder
Operator:           Linda A. Bodden

Transcriber:        Patricia Basham
                    6411 Quail Ridge Drive
                    Bartlett, TN  38135
                    901-372-0613

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

2

INDEX

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---------|--------|-------|----------|---------|
| Gary Ball | 10 | 34 | 46 | 55 |

EXHIBITS

| NO. | DESCRIPTION | ID | ADM |
|-----|-------------|----|----|
| A | Plaintiff's:<br>Letter from MRS to James Cambron, dated 4-19-05 | 14 | 15 |
| B | Letter from MRS to Wendy Cambron, dated 5-24-05 | 14 | 15 |
| E | Face Sheet | 21 | 33 |
| H | FDC Training Sheet | 51 | 53 |

3

      MR. BROCK: Judge, if I may just take care of a couple of preliminary matters.

      THE COURT: Yes, sir.

      MR. BROCK: Our clients are not here. This is a case where we are asking for just statutory damages. I don't think that it's necessary for them to be here. I don't know if they are going to make it or not. They may come in later, but we just want to go forward.

      THE COURT: All right. Very good. Let's see. I didn't remember how I left it but, I mean, are we just going to have one trial? I don't see any need to do two trials. In other words, we will consolidate the evidence.

      MR. BROCK: Yes, sir.

      THE COURT: Okay. Well, gentlemen, how - let's take appearances first for the record. Let's do that. We will start on my left.

      MR. POSTON: Good morning, Judge. David Poston on behalf of the plaintiffs.

      MR. BROCK: Mike Brock for the plaintiffs.

      MR. McGILL: Russell McGill for the defendant, Your Honor.

      THE COURT: Mr. McGill.

      MR. BALL: Gary Ball, Medical Data Systems.

      THE COURT: Okay. Good morning.

      Well, gentlemen, you know, do you want to start with

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LETICIA G. ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NUMBER: 1:06-cv-729 |
| | ) |
| MEDICAL DATA SYSTEMS, INC., | ) |
| d/b/a MEDICAL REVENUE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

### REPORT TO COURT OF FACE TO FACE SETTLEMENT CONFERENCE

COMES NOW, the undersigned legal counsel for Plaintiff, Leticia G. Andrews, and pursuant to this Court's Scheduling Order, provides this notice of a face to face settlement conference in this matter. In further response, counsel for the Plaintiff states as follows:

1. Legal counsel for Plaintiff, David G. Poston, and legal counsel for Defendant, Russel A. McGill, met in person in Sebring, Florida to discuss settlement of all claims in the above-styled matter.

2. The legal issues involved in the instant case are identical to the legal issues involved in approximately twenty (20) other lawsuits in which the undersigned attorney is prosecuting on behalf of various Plaintiffs against the same Defendant.

3. The undersigned attorneys have discussed resolution of the pending lawsuits from the inception of the filing of said lawsuits.

4. After relevant and sincere effort to resolve the claims through monetary relief to the Plaintiff, no resolution was reached.

5.  The undersigned attorneys will diligently continue to discuss settlement alternatives, but because of the volume of pending cases, this matter is not easily resolved.

6.  In the case of <u>Cambron v. Medical Data Systems, Inc. d/b/a Medical Revenue Services</u> (also styled <u>Carn v. Medical Data Systems, Inc. d/b/a Medical Revenue Services</u>) case numbers 1:07-cv-369 and 1:07-cv-370, identical issues are currently under *de novo* review before the Honorable Harold Albritton

7.  The <u>Cambron</u> case began in the United States Bankruptcy Court and was tried to conclusion before the Honorable William R. Sawyer.

8.  At the trial level, Bankruptcy Judge William R. Sawyer proposed findings of fact and conclusions of law in the favor of the Plaintiffs.

9.  The Defendant objected to Judge Sawyer's proposed findings of fact and conclusions of law pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure.

10. The issues in <u>Cambron</u> are identical to the issues currently pending before this Honorable Court.

11. Based on the volume of lawsuits against the Defendant, mediation would not help to resolve the instant case.

12. Depending upon the outcome in the <u>Cambron</u> case, and the timeliness thereof, mediation may be helpful in resolving all of the pending cases against the Defendant. At this time, however, mediation would not help in resolving the instant case of <u>Andrews v. Medical Data Systems, Inc., d/b/a Medical Revenue Services</u>.

Respectfully submitted this **12th** day of July, 2007.

BROCK & STOUT

*/s/ David G. Poston*
David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that I have this date served a copy of the foregoing upon Russel A. McGill, Esq. and Stefanie Jackman, Esq., Attorneys for Defendant, via electronic mail at rumcgi@sbswlegal.com and stefaniejackman@paulhastings.com, this **12th** day of July, 2007.

*/s/ David G. Poston*
David G. Poston