IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA TONEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NUMBER: 2:06-cv-949 |
| MEDICAL DATA SYSTEMS, INC., d/b/a MEDICAL REVENUE SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

**PROPOSED STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff, Cynthia Toney, ("Plaintiff") and Defendant, Medical Data Systems, Inc., d/b/a Medical Revenue Services, Inc. ("Defendant") (collectively "Defendants") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets confidential research, training and development, technology or other proprietary information belonging to the Defendants and/or personal income, credit and other confidential information of Plaintiffs.

WHEREAS, this matter having come before the Court on a stipulation by the parties for a protective order, and the Court having been fully advised,

IT IS HEREBY ORDERED that the following shall govern pretrial procedures:

1.  For purposes of this Order the term "Confidential Information" shall mean confidential and proprietary information, trade secrets, research, training and development, financial, competitive, marketing, strategic planning or other commercial information, or writings for which such attorney believes in good faith that (a) secrecy is in the public interest, (b) the proponent or third party has a cognizable interest in the material (i.e., the material contains privileged information, or is otherwise protected by law from disclosure), and/or (c) for which disclosure would cause serious harm (hereinafter "Confidential Information"). For purposes of this Order, Highly Confidential Information is sensitive information of a much greater sensitivity than that denominated by "Confidential Information," such that the disclosure of such information could be used to injure such party's business (hereinafter "Highly Confidential Information"). Confidential or Highly Confidential Information shall not be construed to cover items lawfully obtained by a party independently of this

1

litigation.

2. This Protective Order shall apply to any documents, testimony or information produced during this action which is asserted by the parties as containing or constituting confidential information. Information, documents or testimony subject to this Protective Order shall be referred to herein as either Confidential Information or Highly Confidential Information, as described above. Information, documents or testimony will be designated by the parties by writing/ stamping the term "Confidential" or "Highly Confidential" on the document in such a manner as will clearly designate the material as falling within this Protective Order.

3. Except as otherwise provided herein, Confidential Information and Highly Confidential Information shall remain at all times in the custody of the counsel of record and shall not be provided by that party, or that party's attorney, to anyone, including, without limitation, any natural person or entity, partnership, corporation, any representative of the news media, or any federal, state, or local governmental agency or official, unless required by Court Order or subpoena. Confidential Information and Highly Confidential Information will be used solely in connection with the litigation between the parties, the preparation and trial of this litigation, and/or any related appellate proceedings, and not for any other purpose, such as any other pending litigation, release to the media, or for any business, commercial or other competitive purposes.

4. Nothing in this Stipulation and Order shall preclude counsel of record for any party in this litigation from showing or providing Confidential Information to any of the following:
   (a) Counsel for any party;
   (b) Plaintiff;
   (c) Any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;
   (d) Court personnel including stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;
   (e) Any outside expert or consultant retained in connection with the litigation between the parties;
   (f) Any witness in a deposition proceeding or at trial, but the witness may not leave the deposition with any copy of Confidential Information and will be bound by the provisions of this protective order; and,
   (g) Any witness or potential witness whom counsel believes, in good faith, has a legitimate need to review said Confidential Information for the purpose of assisting counsel in preparing or conducting pretrial or trial proceedings in the litigation between the parties.

5. Documents, information and depositions marked "Highly Confidential" shall be treated as for attorneys' eyes only. However, nothing in this Stipulation and Order shall preclude counsel of record

for any party in this litigation from showing or providing Highly Confidential Information to any of the following:

(a) Counsel for any party;

(b) Any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;

(c) Court personnel including stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;

(d) Any outside expert or consultant retained in connection with the litigation between the parties; and,

(e) For any witnesses in a deposition or at trial, to any witness about whom the Highly Confidential information pertains.

6. In the event that any Confidential Information or Highly Confidential Information is to be provided in accordance with Paragraphs 4 and 5, above, the party intending to provide such Confidential Information or Highly Confidential Information shall not do so unless and until the intended recipient has been advised of the terms of this Order and has agreed that he or she agrees to be bound by the Order and subject to the jurisdiction of this court with respect to any proceedings relating to the enforcement of this Order, including, without limitation, any proceeding or contempt, and has signed a copy of Exhibit "A" hereto.

7. If the Court orders, or if the parties agree that access to, or the dissemination of Confidential Information or Highly Confidential Information shall be made to persons not included in paragraphs 4 or 5, above, all such persons shall be subject to the terms and conditions of this Protective Order.

8. Any Confidential Information or Highly Confidential Information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this action shall be filed with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Upon failure of the filing party to so file a document under seal, the producing party may request that the court place the documents under seal.

9. This Stipulation and Order shall not prevent a party from providing Confidential Information and Highly Confidential Information to the Court or the trier of fact during any trial of this action. This Stipulation and Order shall not preclude the offering or receipt of evidence at trial. The parties reserve all rights to apply to the Court for protection with respect to the confidentiality of testimony or other evidence at trial and/or to raise any objections as to the admissibility of the documents.

10. This Stipulation and Order shall not restrict the use of any Confidential Information or Highly Confidential Information by the parties in related actions involving activities conducted by

Defendant's Sebring office and pending in Alabama as of July 31, 2007 when documents relating to this matter were served upon Plaintiff's counsel in this action.

11. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to any Confidential Information or Highly Confidential Information designated by said individual or entity in accordance with this Protective Order.

12. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document or the like as "Confidential" or "Highly Confidential," nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

13. If Confidential Information or Highly Confidential Information submitted in accordance with this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

14. In the event that any party disagrees with the designation of any document or information as "Confidential" or "Highly Confidential," such party shall advise the party asserting confidential treatment of the objection and identify the document or item. Within ten (10) days of receiving this written objection, the party asserting confidential treatment shall advise whether it will change the designation of the document or item, or if this cannot be resolved between the parties, then the dispute will be presented to the Court by motion. During the pendency of any such motion, the designated document or item shall continue to be treated as "Confidential" or "Highly Confidential", as the case may be, and subject to the provisions of this Protective Order until such time as the Court rules otherwise.

15. Within sixty (60) days after final termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted in accordance with this Protective Order and all documents that the parties in good faith believe contain or constitute Confidential Information or Highly Confidential Information, including all copies of such materials which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the parties. At the option of the party asserting confidential treatment, the parties may elect to destroy all items constituting or

containing Confidential Information or Highly Confidential Information submitted in accordance with this protective order. If either party elects to have its Confidential Information or Highly Confidential Information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such Confidential Information or Highly Confidential Information shall be destroyed. If a party is using Confidential or Highly Confidential Information in a related matter as permitted by Paragraph 10, that information shall be returned and/or destroyed immediately upon termination of the related litigation in which the Confidential or Highly Confidential Information is being used.

16. This Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Protective Order.

17. Nothing in this order shall preclude any party from using its, his or her own Confidential Information or Highly Confidential Information in any manner it, he or she chooses.

18. This Order shall be retroactive to the extent that any party that has produced information prior to the execution of the Order may alert the other parties that the information produced has been designated as Confidential or Highly Confidential. Such information shall thereafter be treated as required by this Order.

19. In the event that counsel for any party believes that review of Confidential or Highly Confidential information by the party represented by counsel is necessary, written notice of such a request must be sent to the producing party. Within ten (10) days of receiving this written notice, the producing party will advise the requesting counsel whether permission for such a review is granted, and any conditions for permission for this review. If this request cannot be resolved between the parties, then the dispute will be presented to the Court by motion. During the pendency of such request or motion, the requesting counsel shall not disclose the subject information to the party represented by counsel and shall continue to treat it as Confidential or Highly Confidential.

**STIPULATED TO BY THE PARTIES:**

Dated: _____     Dated:  9/17/07

COUNSEL FOR PLAINTIFF:              COUNSEL FOR DEFENDANT:

_____
David G. Poston
BROCK & STOUT
P.O. Drawer 311167
Enterprise, Alabama 36331-1167
Tel: (334) 671-5555
Fax: (334) 671-2689
christal@circlecitylaw.com

_____
James C. Huckaby, Jr.
J. Kirkman Garrett

Local Counsel for Defendant

CHRISTIAN & SMALL, LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
Tel: (205) 795-6588

Donald H. Crawford II
(Admitted pro hac vice)
Georgia Bar No. 141753
Stefanie H. Jackman
(Admitted pro hac vice)
Georgia Bar No. 335652

Counsel for Defendant

Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree St., N.E., Suite 2400
Atlanta, Georgia 30308
Tel: (404) 815-2400
Fax: (404) 815-2424

**IT IS SO ORDERED.**

_____
DATED

_____
JUDGE OF THE UNITED STATES DISTRICT COURT

## Exhibit "A"

I have read and understand the Stipulated Protective order entered in <u>Cynthia Toney v. Medical Data Systems, Inc., d/b/a Medical Revenue Services, Inc.</u>, United States District Court, Middle District of Alabama, Case No. 2:06-cv-949, and I agree to be bound by its terms.

I hereby agree to submit to the jurisdiction of the above entitled Court for enforcement of the undertaking I have made herein.


DATED: _____

SIGNATURE:_____

PRINTED NAME:_____