IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA F. TONEY, A/K/A CYNTHIA F. PASSMORE,<br><br>PLAINTIFF,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICES, INC.,<br><br>DEFENDANT | CASE NO. 2:06-cv-949 |

## DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant Medical Data Systems, Inc. ("MDS") respectfully moves this Court to grant this Motion to Stay Proceedings in Toney v. Medical Data Systems, Inc., case number 2:06-CV-00949, pending the resolution of a related case, Carn (Cambron) v. Medical Data Systems, Inc., that is currently pending on appeal before the Eleventh Circuit and the resolution of which may affect the resolution of this case. In further support of this Motion, MDS shows this Court the following:

1.    On December 4, 2007, the Honorable Harold W. Albritton entered a judgment against MDS in the consolidated cases of Carn v. Medical Data Systems, Inc., d/b/a Medical Revenue Services, Inc., case numbers 1:07-CV-369-WHA and 1:07-CV-370-WHA.[1]

---

[1] In prior motions, the parties referred to this matter as the Cambron case, which was the name of the debtors. Given that it is proceeding on appeal under the name of the trustee, William C. Carn, hereafter it will be referred to as Carn.

2. MDS filed a notice of appeal on December 14, 2007 with the district court indicating its intention to appeal the district court's decision in <u>Carn</u> to the Eleventh Circuit Court of Appeals.

3. The Eleventh Circuit Court of Appeals docketed MDS's appeal in <u>Carn</u> on December 20, 2007 under appellate case numbers 07-15882-A and 07-15883-BB. MDS's appellate brief currently is due on January 29, 2007. MDS is highly confident that it will succeed on appeal.

4. Therefore, in light of the pending appeal in the very same case Plaintiff expressly contends should warrant this Court lifting the stay and resetting the dispositive motion deadline in this matter, this Court should exercise its discretion to re-impose the stay this matter pending a decision on appeal in <u>Carn</u> by the Eleventh Circuit Court of Appeals.

5. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). Thus, the Court must "weigh competing interests and maintain an even balance." <u>Id</u>. at 254-55, 166.

6. Given the similarity of the legal issues involved in <u>Carn</u> and this matter, a decision in <u>Carn</u> on appeal by the Eleventh Circuit Court of Appeals, a stay is appropriate in this matter for the following four reasons: (A) there is a tangible risk of inconsistent judgments; (B) failure to stay this matter pending a decision by the Eleventh Circuit Court of Appeals in <u>Carn</u> will waste judicial resources if inconsistent decisions are rendered, which can be avoided by a stay; and (C) staying this matter will increase the ability of the parties to efficiently and

effectively consider whether to settle this matter, given an authoritative ruling by the Eleventh Circuit Court of Appeals as to the proper interpretation and effect of MDS's letter in this circuit.

### A. This Stay is appropriate given the real risk of inconsistent judgments if Carn is reversed on appeal

7. In considering whether to grant a stay, the general guiding principle is to avoid duplicate litigation. I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) (explaining the rationale for this principle is to conserve judicial resources and comprehensively dispose of cases); see also Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

8. Presently, there is a very real risk of inconsistent judgments in these matters unless this matter is stayed pending the Eleventh Circuit Court of Appeals' determination of MDS's appeal in Carn. Should this matter proceed and be decided adversely to MDS based upon the district court's decision in Carn, however, at the same time, should the Eleventh Circuit reverses the district court's decision and hold that MDS's letter did not violate the FDCPA, which MDS is confident the Court of Appeals will do, there will be an inevitable conflict that will require further effort and resources to address. Valuable judicial resources and time could be conserved by staying this action pending the outcome of the appeal in Carn.

9. Significantly, whether MDS's letter violates the FDCPA is a matter of pure judicial interpretation, given the lack of any specific case law dealing with the same sort of language and circumstances. A mere cursory review of the District Court's Memorandum Opinion and Order in Carn reveals the utter lack of any authoritative and guiding case law on this issue, given that the District Court's Opinion focused almost entirely on merely

distinguishing MDS's cases, distinctions that may or may not be adopted as the law of this circuit by the Eleventh Circuit Court of Appeals.

10. Significantly, in a seventeen-page opinion, the District Court managed to cite only two extra-jurisdictional district court decisions, one from Illinois and the other from California, to support its determination that MDS's letter violated § 1692e(5) of the FDCPA and cited no specific case law supporting its determination that MDS's letter violated § 1692e(10). Therefore, the issue of whether the language of MDS's letter violates the FDCPA can fairly be characterized as bordering on an issue of first impression in this circuit and therefore, it is appropriate to await a ruling from the highest court in this jurisdiction on the issue.

**B.    This Stay is appropriate to prevent a waste of judicial resources by preventing the rendering of inconsistent decisions should MDS prevail on appeal**

11. Another risk present if this matter is not stayed is that if the Eleventh Circuit's decision in Carn is inconsistent with any resolution of this matter, additional judicial resources will be expended trying to resolve those judgments.

12. As discussed above, given the District Court's lack of citation to any significant case law in its Opinion, let alone any binding case law from this circuit, MDS is confident that the Eleventh Circuit will decline to uphold the District Court's Opinion and instead find that the absence of any threatening language in MDS's letter means that the letter did not violate the FDCPA.

13. Fortunately, any further waste of judicial resources and time can be completely avoided by issuing a stay pending a decision in Carn.

14. If this matter is not stayed and MDS is forced to litigate this matter, and possibly another twenty related matters, pending resolution of its appeal in Carn, both MDS and Plaintiff

will incur significant additional expenses of time and financial resources in litigating this matter, all of which may prove unnecessary and may not be recoupable if MDS's letter is held not to violate the FDCPA on appeal. This uncertainty as to the need of either party to incur additional expenditures of time and financial resources depending on the outcome of the appeal in <u>Carn</u> constitutes another reason why a stay in this matter is both advisable and warranted.

15. Moreover, Plaintiff expressly acknowledged the importance of a decision in <u>Carn</u> in her motion to reset the dispositive motion deadline in this matter by expressly indicating that she intends to rely on the district court's decision in <u>Carn</u> in drafting any dispositive motion in this matter. <u>See</u> Plaintiff's Motion to Reset Dispositive Motion Deadline, ¶¶12-13. However, it simply defies logic to assert in one breath that that the district court's decision in <u>Carn</u> is dispositive of this matter but deny that any subsequent decision on appeal of the <u>Carn</u> decision would be of no importance in this matter.

16. Further, Plaintiff and her counsel previously were willing to agree to stay this matter pending a decision from the District Court in <u>Carn</u>. This only further emphasizes that neither will endure any significant hardship in waiting for the resolution of <u>Carn</u> on appeal. While Plaintiff's counsel undoubtedly hopes to recover his fees in this and the over twenty other related matters, fees which he may or may not be entitled to, his client seeks to recover only $1,000 in statutory damages and is not subject to any current collection efforts by MDS given that Plaintiff declared bankruptcy on September 7, 2006. Therefore, MDS submits that any claimed harm to Plaintiff and her counsel as a result of a continuation of the stay in this matter would de minimis at best.

**C.  Staying this matter will increase the ability of the parties to efficiently and effectively consider the possibility of settlement in light of an authoritative ruling from the Eleventh Circuit regarding the interpretation and effect of MDS's letter**

17. Given the state of the Carn appeal and, as this Court undoubtedly recalls, the number of additional pending, related cases, this litigation is not easily resolved at this point in time.

18. Staying this matter pending a decision from the Eleventh Circuit in Carn will increase the ability of the parties to determine the appropriate course of action with respect to future litigation and settlement negotiations in this matter.

19. Lastly, MDS directs this Court's attention to the fact that only one extension, which Plaintiff consented to, has been granted thus far in this case.

20. For all of the foregoing reasons, the motion to stay should be granted.

Respectfully submitted this 28th day of December, 2007.

> *s/ J. Kirkman Garrett*
> James C. Huckaby, Jr.
> J. Kirkman Garrett
>
> *Local Counsel for Medical Data Systems, Inc.*
>
> CHRISTIAN & SMALL LLP
> 505 North 20th Street, Suite 1800
> Birmingham, AL 35203
> Tel. (205) 795-6588;  Fax (205) 328-7234
>
> John G. Parker
> (Admitted *pro hac vice*)
> Georgia Bar No. 562425
> Stefanie H. Jackman
> (Admitted *pro hac vice*)
> Georgia Bar No. 335652
>
> *Counsel for Medical Data Systems, Inc.*

LEGAL_US_E # 77731664.1

- 7 -

Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308
(Tel.) 404-815-2400
(Fax) 404-815-2424

### Certificate of Service

I hereby certify that on this 28th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Michael D. Brock, Esq.
Cary Wyatt Stout, Esq.
Walter Allen Blakeney, Esq.
David Gerald Poston, Esq.
BROCK & STOUT
PO Drawer 311167
Enterprise, AL 36331-1167

*s/ J. Kirkman Garrett*