IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CYNTHIA F. TONEY, a/k/a/
CYNTHIA F. PASSMORE,

       Plaintiff,

v.

MEDICAL DATA SYSTEMS, INC.
d/b/a MEDICAL REVENUE
SERVICES, INC.,

       Defendant.

CASE NO. 2:06-CV-949

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S GRANT OF PLAINTIFF'S MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE AND ORDER SETTING THE BRIEFING SCHEDULE FOR SUCH MOTION

COMES NOW, Defendant Medical Data Systems, Inc. ("MDS"), by and through its undersigned counsel, and files this Response to Plaintiff's motion to extend the dispositive deadline in this matter.

1.      On December 4, 2007, the Honorable Harold W. Albritton entered a judgment against MDS in the consolidated cases of Carn v. Medical Data Systems, Inc., d/b/a Medical Revenue Services, Inc., case numbers 1:07-CV-369-WHA and 1:07-CV-370-WHA.

2.      MDS filed a notice of appeal on December 14, 2007 with the District Court indicating its intention to appeal the District Court's decision in Carn to the Eleventh Circuit Court of Appeals.

3.      The Eleventh Circuit Court of Appeals docketed MDS's appeal on December 20, 2007. MDS is highly confident that it will succeed on appeal.

4.    Therefore, MDS submits that the District Court's decision in Carn does not constitute a final order and therefore, is not binding upon this Court until MDS's pending appeal is resolved by the Eleventh Circuit.

5.    Additionally, on October 23, 2007, Plaintiff previously filed a motion with this Court seeking to extend the dispositive motion deadline. Plaintiff filed that motion on the same day that dispositive motions were due. This Court denied Plaintiff's motion that same day. In that previous motion, Plaintiff asserted that a decision in Andrews v. Medical Data Systems, Inc., case number 1:06-CV-729 might entitle Plaintiff to summary judgment based on the legal principle of collateral estoppel. To date, there has been no decision in Andrews and it is set for trial on February 25, 2007 before the Honorable Myron Thompson.

6.    Now, in Plaintiff's most recent motion to reset the dispositive motion deadline, Plaintiff again appears to allege that summary judgment is appropriate based upon the decision reached in another consolidated case, Carn v. Medical Data Systems, Inc., case numbers 1:07-CV-369 and 1:07-CV-370.

7.    However, contrary to Plaintiff's apparent invocation of the doctrine of non-mutual offensive collateral estoppel in her motion to reset, applying this doctrine under the circumstances of this case is inappropriate as this matter is not factually or legally identical to Carn.

8.    To successfully invoke the collateral estoppel doctrine, a party must demonstrate that: (1) the issue at stake in a pending action is identical to the issues involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the action; and (4) the party against whom the earlier decision is asserted must have had a full and

fair opportunity to litigate the issue in the earlier proceeding. Barger v. City of Cartersville, 348 F.3d 1289, 1293 (11th Cir. 2003) (citing In re McWhorter, 887 F.2d 1564 (11th Cir. 1989)).

9.      Additionally, while parties are not precluded from attempting to assert non-mutual offensive collateral estoppel, under federal law, this is not a widely favored application of the collateral estoppel doctrine. See Parkland Hosiery Co. v. Shore, 439 U.S. 322, 329-31 (1979) (while ultimately holding courts should have broad discretion to determine whether non-mutual offensive collateral estoppel is appropriate in any given case, the Court noted a host of reasons why this doctrine, when used offensively by a party against a defendant when that party was not part of the prior suit against the defendant, should be permitted only sparingly and with great caution).

10.     While this matter involves a similar letter as the letter sent by MDS to the plaintiff in Carn, sufficient factual differences exist to make any application of the doctrine of non-mutual collateral estoppel inappropriate in this matter.

11.     Specifically, there is additional deposition testimony available in this matter that was not available to either party in Carn and which establishes that MDS does attempt to obtain the information regarding the assets listed in its collection letters through various collection methods, which include asking the debtors themselves about those assets. This evidence presents different factual and legal arguments that MDS asserts will result in a different outcome in this matter and which could not be asserted in Carn due to the absence of this evidence.

12.     Additionally, on October 5, 2007, MDS served various discovery requests upon Plaintiff, including requests to produce documents, requests to admit, and interrogatories. MDS also served a notice of deposition upon Plaintiff and which MDS intends to take, upon receipt of

Plaintiff's discovery responses. See Exhibit 1, MDS's Notice of Deposition and Discovery Requests, served October 5, 2007.

13.    However, to date, MDS has not had the opportunity to depose Plaintiff and has not received any responses to any of its discovery requests due to Plaintiff's repeated delay in responding to MDS's discovery requests or agree to an acceptable date for deposition. See Exhibit 2, October 30, 2007 and November 29, 2007 e-mail correspondence between Stefanie Jackman, David Poston, and Walter Blakeney relating to rescheduling Plaintiff's deposition.[1]

14.    Pursuant to the previous scheduling order that was in effect in this case, MDS propounded these discovery requests and notice of deposition in a timely manner and would have had the benefit of this information in responding to any dispositive motions (had they been filed), as well as in preparing for trial.

15.    This additional discovery may lead to additional evidence demonstrating why Plaintiff is not entitled to summary judgment or any other sort of judgment against MDS. At a minimum, should this Court determine that it is not appropriate to re-impose the stay in this matter in light of MDS's motion to stay, filed contemporaneously with this motion, MDS is entitled to the benefit of receiving responses to its timely-filed discovery requests, as well as the opportunity to depose Plaintiff in the interest of fairness and equity prior to having to respond to any dispositive motions filed by Plaintiff.

16.    Additionally, the length of time that MDS had the debt accounts in Carn informed the District Court's decision in that matter. Specifically, the court specifically noted that MDS had held on to the debtor accounts at issue in Carn for over four years. See Exhibit 3, MDS's

---

[1] In light of the previous stay in this matter, as well as Plaintiff's assurances that MDS would receive responses to its discovery, MDS has not filed a motion to compel responses to its discovery.

Face Sheet for James and Wendy Cambron. Additionally, in <u>Carn</u>, MDS sent numerous letters to the debtors. <u>See</u> Exhibit 3, Account Face Sheets for James and Wendy Cambron, the debtors in the <u>Carn</u> bankruptcy matter.

17.     Presumably, according to the evidence presented in <u>Carn</u> with respect to MDS's actions on <u>those particular debt accounts</u>, these facts caused the court to conclude that MDS had sufficient time to conduct an investigation of the debtors' assets, which informed the court's ultimate determination that MDS did not intend to do what its collection letter allegedly "implicitly threatened."

18.     In contrast, MDS had Plaintiff's account for only seven months prior to Plaintiff declaring bankruptcy and during that time, had numerous discussions with Plaintiff and set up numerous payment plans, which Plaintiff continuously failed to abide by prior to declaring bankruptcy on September 7, 2006. <u>See</u> Exhibit 4, MDS's Face Sheet for Leticia Andrews. Plaintiff's agreement to various payment plans and then refusal to make good on her promises under those plans resulted in MDS delaying further collection efforts in the hope of securing payment through Plaintiff's cooperation and, upon further discovery by MDS, may be able to be fairly characterized as "stall tactics."

19.     In fact, MDS continued to try to work with Plaintiff to obtain repayment on her account up through August, 18, 2006 when Plaintiff again defaulted on her payment plan obligations and MDS moved her account into default status. <u>See</u> Exhibit 4. Approximately two weeks later, Plaintiff declared bankruptcy, thereby precluding any further collection efforts by MDS on her account. <u>See</u> Exhibit 4.

20.     Given that MDS continued to try to work with Plaintiff to receive payment on her account and given that MDS handles thousands of debt accounts, there is no conclusive evidence

to suggest that the outcome in this matter necessarily would be the same as it was in <u>Carn</u> –

namely, that MDS would not engage in a further collection investigation. Therefore, unlike

<u>Carn</u>, the facts in this case do not establish the same alleged "track record" of inaction.

      21.    For all these reasons, MDS requests that this Court deny Plaintiff's request for an

extension based upon the grounds alleged by Plaintiff in her motion or, in the alternative, reset

the dispositive motion deadline to allow for sufficient time for Plaintiff to provide her promised

discovery responses and be made available for deposition.

      Respectfully submitted this 28th day of December, 2007.

*s/ J. Kirkman Garrett*
James C. Huckaby, Jr.
J. Kirkman Garrett

*Local Counsel for*
*Medical Data Systems, Inc.*

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Tel. (205) 795-6588
Fax (205) 328-7234

John G. Parker
(Admitted *pro hac vice*)
Georgia Bar No. 562425
Stefanie H. Jackman
(Admitted *pro hac vice*)
Georgia Bar No. 335652

*Counsel for Medical Data Systems, Inc.*

Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308
(Tel.) 404-815-2400
(Fax) 404-815-2424

LEGAL_US_E # 77719674.1

## Certificate of Service

I hereby certify that on this 28th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Michael D. Brock, Esq.
> Cary Wyatt Stout, Esq.
> Walter Allen Blakeney, Esq.
> David Gerald Poston, Esq.
> BROCK & STOUT
> PO Drawer 311167
> Enterprise, AL 36331-1167

> *s/ J. Kirkman Garrett*
> J. Kirkman Garrett
> Of Counsel

LEGAL_US_E # 77719674.1

Exhibit 1

# Paul *Hastings*

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E.
Twenty-Fourth Floor
Atlanta, GA 30308
telephone 404-815-2400 • facsimile 404-815-2424 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(404) 815-2298
stefaniejackman@paulhastings.com

October 5, 2007                                              *32840.00008*

David G. Poston, Esq.
Brock & Stout
PO Drawer 311167
Enterprise, Alabama  36331-1167

RE:    *Cynthia Toney v. Medical Data Systems, Inc.*
       **In the United States District Court for the Middle District of Alabama**
       **Case No. 2:06-CV-949**

Dear David:

Enclosed, please find Medical Data Systems, Inc.'s first set of discovery requests propounded in *Toney v. Medical Data Systems, Inc.*, case no 2:06-CV-949.  Also, included is a Notice of Deposition for Cynthia Toney.

Please feel free to contact me with any questions.  I look forward to receiving your responses.

Sincerely,

Stefanie Jackman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

Enclosures
LEGAL_US_E # 76667693.1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CYNTHIA TONEY,

        Plaintiff,

v.

MEDICAL DATA SYSTEMS, INC. d/b/a
MEDICAL REVENUE SERVICES, INC.,

        Defendant.

CASE NO. 2:06-CV-949

## NOTICE OF DEPOSITION OF
## CYNTHIA TONEY

      PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30,

Defendant will take the deposition of Cynthia Toney on Tuesday, December 4, 2007, beginning

at 10:00 a.m., at the offices of Christian & Small LLP, 505 20th St. N., Suite 1800, Birmingham,

Alabama, 35203. The deposition will be taken for the purposes of discovery and all other

purposes allowed by law. The deposition will be taken before an officer authorized by law to

administer oaths and will be recorded by stenographic means and/or videotape.

This $\underline{5}$ day of October, 2007.

Respectfully submitted,

James C. Huckaby, Jr.
J. Kirkman Garrett

*Local Counsel for*
*Medical Data Systems, Inc.*

CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

John G. Parker
(Admitted *pro hac vice*)
Georgia Bar No. 562425
Donald H. Crawford II
(Admitted *pro hac vice*)
Georgia Bar No. 141753
Stefanie Jackman
(Admitted *pro hac vice*)
Georgia Bar No. 335652

*Counsel for Medical Data Systems, Inc.*

PAUL, HASTINGS, JANOFSKY
    & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of

record in this cause by placing a copy of same in the United States Mail, postage prepaid,

addressed as follows:

      Michael D. Brock, Esq.
      Gary Wyatt Stout, Esq.
      Walter Allen Blakeney, Esq.
      David Gerald Poston, Esq.
      BROCK & STOUT
      PO Drawer 311167
      Enterprise, AL  36331-1167
      brockstout@enter.twcbc.com
      walter@circlecitylaw.com
      david@circlecitylaw.com

      This 5 day of October, 2007.

                              Stefanie Jackman

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia  30308-2222
Telephone:  (404) 815-2400
Facsimile:   (404) 815-2424

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CYNTHIA TONEY,

          **Plaintiff,**

v.

**MEDICAL DATA SYSTEMS, INC. d/b/a**
**MEDICAL REVENUE SERVICES, INC.,**

          **Defendant.**

**CASE NO. 2:06-CV-949**

### DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF CYNTHIA TONEY

       COMES NOW the Defendant MEDICAL DATA SYSTEMS, INC. ("Defendant") in the above styled matter and requests that the Plaintiff CYNTHIA TONEY a/k/a CYNTHIA PASSMORE ("Plaintiff"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, answer these requests for admissions outlined below within thirty (30) days after service of same upon you. Defendant requests that Plaintiff's responses are in accordance with the Federal Rules of Civil Procedures and that Plaintiff admit the following:

    1.    Admit that Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692(a)(3).

    2.    Admit that Plaintiff received medical services on August 12, 2003 at Medical Center Enterprise.

    3.    Admit that Plaintiff received medical services on August 19, 2003 at Medical Center Enterprise.

4.    Admit that Plaintiff received medical services on November 28, 2003 at Medical
      Center Enterprise.

5.    Admit that Plaintiff previously paid Defendant a total of $150 towards the Debt.[1]

6.    Admit that on May 3, 2006, Plaintiff paid Defendant $50 towards the Debt.

7.    Admit that on June 13, 2006, Plaintiff paid Defendant $50 towards the Debt.

8.    Admit that the Debt is for medical services rendered to Plaintiff by Medical
      Center Enterprise.

9.    Admit that Plaintiff still owes Defendant $427.65 for medical services rendered to
      Plaintiff.

10.   Admit that the first communication Plaintiff received from Defendant was on
      April 19, 2006.

11.   Admit that Defendant returned a call from Plaintiff on April 27, 2006.

12.   Admit that Plaintiff agreed to set up a payment plan for the Debt owing to
      Defendant.

13.   Admit that under the terms of the payment plan, Plaintiff agreed to pay $50 every
      thirty (30) days to Defendant.

---

[1] Throughout these requests for admissions, "Debt" is to be construed as that term is defined in
the requests to produce served contemporaneously with these requests for admissions.

14. Admit that on or about May 3, 2006, Plaintiff mailed her first $50 payment under the terms of the payment plan with Defendant.

15. Admit that on or about June 13, 2006, Plaintiff mailed another $50 payment under the terms of the payment plan with Defendant.

16. Admit that Plaintiff never requested verification of the Debt from Defendant.

17. Admit that, to your knowledge, Defendant never contacted any third parties regarding the Debt.

18. Admit that Plaintiff spoke with Defendant again on July 17, 2006 regarding the Debt.

19. Admit that Plaintiff spoke with Defendant again on August 1, 2006 regarding the Debt.

20. Admit that Plaintiff did not fully comply with the terms of the payment plan set up with Defendant.

21. Admit that Plaintiff filed Chapter 13 bankruptcy on September 7, 2006.

22. Admit that, to Plaintiff's knowledge, Defendant did not communicate with any third parties regarding Plaintiff or the Debt.

23. Admit that Plaintiff never sent a cease communications letter to Defendant.

24. Admit that no facts support your contention that Defendant intimidated Plaintiff into making a $50 payment towards the Debt on May 3, 2006.

25. Admit that no facts support your contention that Defendant intimidated Plaintiff into making a $50 payment towards the Debt on June 13, 2006.

26. Admit that you have no evidence that Defendant ever contacted any third parties regarding Plaintiff's Debt.

This __5__ day of October, 2007.

Respectfully submitted,

_signature_

James C. Huckaby, Jr.
J. Kirkman Garrett

*Local Counsel for*
*Medical Data Systems, Inc.*

CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234

John G. Parker
(Admitted *pro hac vice*)
Georgia Bar No. 562425
Donald H. Crawford II
(Admitted *pro hac vice*)
Georgia Bar No. 141753
Stefanie Jackman
(Admitted *pro hac vice*)
Georgia Bar No. 335652

*Counsel for Medical Data Systems, Inc.*

PAUL, HASTINGS, JANOFSKY
    & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia  30308-2222
Telephone:  (404) 815-2400
Facsimile:  (404) 815-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of

record in this cause by placing a copy of same in the United States Mail, postage prepaid,

addressed as follows:

Michael D. Brock, Esq.
Gary Wyatt Stout, Esq.
Walter Allen Blakeney, Esq.
David Gerald Poston, Esq.
BROCK & STOUT
PO Drawer 311167
Enterprise, AL 36331-1167
brockstout@enter.twcbc.com
walter@circlecitylaw.com
david@circlecitylaw.com

This 5 day of October, 2007.

Stefanie Jackman

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CYNTHIA TONEY,

      Plaintiff,

v.

MEDICAL DATA SYSTEMS, INC. d/b/a
MEDICAL REVENUE SERVICES, INC.,

      Defendant.

CASE NO. 2:06-CV-949

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MEDICAL

DATA SYSTEMS, INC. ("Defendant") serves the following Interrogatories upon Plaintiff,

CYNTHIA TONEY a/k/a CYNTHIA PASSMORE ("Plaintiff"), to be answered in accordance

with the Rules and the following instructions and definitions:

### GENERAL INSTRUCTIONS AND DEFINITIONS

1. Plaintiff is required to respond to these requests within thirty (30) days from date of

   service by mail in the form and manner required under Rule 33 of the Federal Rules of

   Civil Procedure.

2. Each Interrogatory should be answered upon your entire knowledge from all sources and

   all information in your possession or otherwise available to you, including information

   from your agents, representatives or consultants and information which is known by each

   of them.  An incomplete or evasive answer is a failure to answer.

3. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

4. These Discovery Requests shall be deemed continuing to the extent set forth by the Federal Rules of Civil Procedure so as to require further and supplemental answers by Plaintiff in the event she obtains or discovers additional or different information between the time of her initial answers and the time of any hearing or trial.

5. The terms "Document" or "Documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Plaintiff of which Plaintiff has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card tiles; books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

6. "Person" or "Persons" means and includes any man, woman, individual, corporation, organization, association, partnership, limited partnership, firm, joint venture,

governmental body, agency, governing board, department, division, trust, business trust, or any other entity.

7. "Employee" means and includes any current and former employees, managers, agents, and attorneys of an organization.

8. "You" or "your" refers to Plaintiff Cynthia Toney, a/k/a Cynthia Passmore, and any of her past or present agents, employees, attorneys, consultants, advisors, representatives, or anyone otherwise acting on her behalf.

9. "Plaintiff" means Cynthia Toney, a/k/a Cynthia Passmore.

10. "Defendant" means Medical Data Systems, Inc.

11. "Complaint" means Plaintiff's complaint in this matter.

12. "Debt" or "Debts" means the purported obligation referenced in Plaintiff's Complaint.

13. "Identify" when used with respect to a natural person means to state his full name, present or last known business affiliation, all positions, or business affiliations during the time you maintain records or an account involving Plaintiff.

14. "Identify" when used with respect to any other entity means to state its full name, the address of its principal place of business, and the name of its Chief Executive Officer.

15. "Identify" with respect to a Document means to state the name and title of the Document, the type of Document (i.e. letter, chart, memorandum, etc.) the date of the Document, the Person who wrote the Document, the Person that signed the Document, the Person to

whom the Document was addressed, the Person to whom the Document was sent, its present location, and present custodian.

16. "Credit Reporting Agency" or "Credit Reporting Agencies" means a credit reporting agency as defined by the Fair Credit Reporting Act.

17. If any Interrogatory may be answered fully by a Document, the Document may be attached in lieu of an answer if the Document is marked to refer to the Interrogatory to which it responds.

18. For the purpose of interpreting or construing the scope of these Discovery Requests, terms used should be given their most expansive and inclusive interpretations unless otherwise specifically limited in any particular respect. This includes, without limitation, the following:

    a. Construing "and" as well as "or" in the conjunctive or disjunctive as necessary to make the request more inclusive;

    b. Construing the singular form of a word to include the plural and the plural form to include the singular;

    c. Construing the past tense of a verb to include the present and the present tense to include the past; and

    d. Construing the terms "refer to," "reflect," and "relating to" to include any connection whatsoever, direct or indirect, with the requested subject matter.

19. In answering these Discovery Requests, Plaintiff should furnish such information as is known or is available to her regardless of whether this information is obtained directly by, or known to, her attorneys or other agents or representatives.

## INTERROGATORIES

1.  Specifically identify by date all calls or communications from Defendant to you and which you contend were tortious and/or violated the Fair Debt Collection Practices Act, as well as the nature and content of those calls or communications.

2.  Describe the terms of any payment plan(s) entered into by Plaintiff with Defendant which related to this Debt, including the date you entered into this payment plan(s), the monthly payment amount on the payment plan(s), payment due dates under the payment plan(s), frequency of payments to Defendant under the payment plan(s), number of payments required under the payment plan(s), number of payments actually made by Plaintiff as well as the amount(s) of those payments under the payment plan(s), and whether you complied with the terms of the payment plan(s) and/or completed your payment obligations in full under the payment plan(s).

3.  State the date upon which you retained counsel in this litigation.

4.  Identify by date any communications in which you requested that Defendant cease communication and/or in which you stated that you would not pay the Debt or requested verification of the Debt from Defendant.

5.  Identify each and every date upon which you have declared bankruptcy, including under which title whether Chapter 7, 13 or otherwise.

6.  Identify what facts and evidence support your contention that this Debt was discharged in bankruptcy.

7.  Specifically identify the number of times you actually spoke to Defendant or its representatives about the Debt, as well as the dates and content of those communications.

8.  Specifically identify the number of times you initiated contact with Defendant or its representative about the Debt, as well as the dates and content of those communications.

9.  To your knowledge, specifically identify the number of times Defendant communicated with third parties about Plaintiff and/or the Debt and describe the content of those communications.

10. Specifically describe what harm Defendant caused you in attempting to collect the Debt.

11. Specifically identify what collection efforts intimidated you into making a payment to Defendant on May 3, 2006, as stated in paragraph 19 of your Complaint, and how those efforts intimidated you.

12. Specifically identify what collection efforts intimidated you into making a payment to Defendant on June 13, 2006, as stated in paragraph 20 of your Complaint, and how those efforts intimidated you.

13. Specifically identify what facts support your contentions in paragraph 24 of your Complaint.

14. Identify any persons Plaintiff expects to call as an expert witness at trial, and further state with particularity and specificity for every person set forth in the response to this interrogatory:

    (a)     The subject matter on which each expert is expected to testify;

    (b)   The substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion, correlating the expert(s) named with the substance of the facts and opinions about which he will testify and a summary of the grounds for each opinion; and

    (c)   The name, date, publisher and author of any scientific, technical or professional text, treatise, journal or similar publication to which each expert will refer, consider or rely on at trial in support of his expert opinion.

15. Identify any statements Plaintiff or Plaintiff's attorneys or agents have made, given or secured from any persons having or claiming to have knowledge of facts concerning the subject matter of this action, and further state or identify with respect to each such statement:

    (a)   The person from whom such statement was secured;

    (b)   The date such statement was secured;

    (c)   The person securing each such statement;

    (d)   Whether the statement was oral, written or recorded; and

    (e)   A summary of the statement.

16. Identify any documents which Plaintiff has not or will not produce in response to Defendant's requests for production served contemporaneously with these interrogatories, and further state with particularity for each such document the factual basis for any asserted privilege or objection which Plaintiff contends relieves her of the obligation to produce such document.

·17. With respect to each separately numbered·paragraph (including separately designated subparagraphs) of Plaintiff's Complaint:

    (a)    State each and every fact upon which Plaintiff contends supports each paragraph; and

    (b)    With respect to each fact referred to in response to subparagraph (a) hereof:

        (i)    Identify each person who has or purports to have knowledge of the same; and

        (ii)    Identify each document or tangible thing which relates to, reflects or supports the same.

18. If your response to any separately numbered request for admission in the requests for admission served upon you contemporaneously with these interrogatories was other than an unequivocal admission:

    (a)    State each and every fact upon which you rely to support your responses to said request; and

    (b)    With respect to each fact referred to in your response to subpart (a) thereof.

        (i)    State the name of each person who has or purports to have knowledge of the same; and

        (ii)    Identify each document or tangible thing that relates to, reflects or supports the same.

This _5_ day of October, 2007.

Respectfully submitted,

James C. Huckaby, Jr.
J. Kirkman Garrett

*Local Counsel for*
*Medical Data Systems, Inc.*

CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

John G. Parker
(Admitted *pro hac vice*)
Georgia Bar No. 562425
Donald H. Crawford II
(Admitted *pro hac vice*)
Georgia Bar No. 141753
Stefanie Jackman
(Admitted *pro hac vice*)
Georgia Bar No. 335652

*Counsel for Medical Data Systems, Inc.*

PAUL, HASTINGS, JANOFSKY
    & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of

record in this cause by placing a copy of same in the United States Mail, postage prepaid,

addressed as follows:

> Michael D. Brock, Esq.
> Gary Wyatt Stout, Esq.
> Walter Allen Blakeney, Esq.
> David Gerald Poston, Esq.
> BROCK & STOUT
> PO Drawer 311167
> Enterprise, AL 36331-1167
> brockstout@enter.twcbc.com
> walter@circlecitylaw.com
> david@circlecitylaw.com

This ⟍5 day of October, 2007.

_____
Stefanie Jackman

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia  30308-2222
Telephone:  (404) 815-2400
Facsimile:  (404) 815-2424

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CYNTHIA TONEY,

      Plaintiff,

v.

MEDICAL DATA SYSTEMS, INC. d/b/a
MEDICAL REVENUE SERVICES, INC.,

      Defendant.

CASE NO. 2:06-CV-949

## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant MEDICAL

DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICES ("Defendant") serves the

following requests for production of documents upon Plaintiff, CYNTHIA TONEY a/k/a

CYNTHIA PASSMORE ("Plaintiff"), to be answered in accordance with the Rules and the

following instructions and definitions:

### GENERAL INSTRUCTIONS AND DEFINITIONS

1.    Plaintiff is required to respond to these requests within thirty (30) days from date

of service by mail in the form and manner required under Rules 26 and 34 of the Federal Rules

of Civil Procedure.

2.    In the event that any document called for by this request is withheld on the basis

of a claim of privilege, please identify that document by stating its author(s), addressee(s),

indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or

appendixes, all persons to whom the documents was distributed, shown, or explained, present custodian, and the nature of the claimed privilege in the form of a privilege log.

      3.     If any document requested was, but no longer is in your possession, or subject to your control, please state:

          a.     The date of its disposition;

          b.     The manner of its disposition (e.g., lost, destroyed, transferred to a third party); and,

          c.     An explanation of the circumstances surrounding the disposition of the document.

      4.     For the purpose of interpreting or construing the scope of these Discovery Requests, terms used should be given their most expansive and inclusive interpretations unless otherwise specifically limited in any particular respect. This includes, without limitation, the following:

          a.     Construing "and" as well as "or" in the conjunctive or disjunctive as necessary to make the request more inclusive;

          b.     Construing the singular form of a word to include the plural and the plural form to include the singular;

          c.     Construing the past tense of a verb to include the present and the present tense to include the past; and

          d.     Construing the terms "refer to," "reflect," and "relating to" to include any connection whatsoever, direct or indirect, with the requested subject matter.

      5.     These Discovery Requests shall be deemed continuing to the extent set forth by the Federal Rules of Civil Procedure so as to require further and supplemental answers by

Plaintiff in the event she obtains or discovers additional or different information between the time of her initial answers and the time of any hearing or trial.

6.    In answering these Discovery Requests, Plaintiff should furnish such information as is known or is available to her regardless of whether this information is obtained directly by, or known to, her attorneys or other agents or representatives.

7.    The following words and phrases shall have the following meanings:

    a.    "You" or "your" refers to Plaintiff Cynthia Toney, a/k/a Cynthia Passmore, and any of her past or present agents, employees, attorneys, consultants, advisors, representatives, or anyone otherwise acting on her behalf;

    b.    "Document" or "documents" has the meaning intended by the Rules and includes the originals, all copies of which are not identical to the original or to each other, and all drafts of all written, reported, recorded, or graphic matter, however produced or reproduced, now or at any time in Plaintiff's possession, custody, or control, including, but not limited to, correspondence, contracts, telegrams, memoranda, minutes, notes, reports, records, drafts, recordings, notebooks, plans, computer print-outs, and all records by electronic, photographic or mechanical means. All documents within Plaintiff's possession, custody, or control shall be produced. Without limitation, a document is deemed to be in Plaintiff's control if she has a superior right to compel the production of the requested discovery from a third party (including an agency, authority, or representative).

    c.    "Plaintiff" means Cynthia Toney, a/k/a Cynthia Passmore.

    d.    "Defendant" means Medical Data Systems, Inc.

    e.    "Complaint" means Plaintiff's complaint in this matter.

f.    "Debt" or "Debts" means the purported obligation referenced in Plaintiff's
Complaint and all debt which Defendant sought to reclaim in the letter that
is at issue in this litigation.

## DEFENDANT'S SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, please produce the following documents:

1.    Produce any and all collection notices, collection letters, and/or other
correspondence directed to Plaintiff from Defendant relating to Plaintiff's Debt as
referenced in Plaintiff's Complaint.

2.    All correspondence sent to Defendant by Plaintiff relating to the Debt.

3.    All correspondence sent to Defendant by Plaintiff relating to this litigation.

4.    All correspondence received by Plaintiff from Defendant relating to the Debt
and/or Defendant's attempts to collect the Debt.

5.    All correspondence sent by Plaintiff to Medical Center Enterprise relating to the
Debt.

6.    All correspondence received by Plaintiff relating to this litigation.

7.    Copies of all checks or other forms of payment mailed by Plaintiff to Defendant
in order to satisfy the Debt, in whole or in part.

8.    Copies of all checks or other forms of payment mailed by Plaintiff to Medical
Center Enterprise in order to satisfy the Debt, in whole or in part.

9.    Copies of any checks or other forms of payment mailed by Plaintiff to Defendant
under the terms of the payment plan(s) set up between Plaintiff and Defendant.

10.    Any and all audio or tape recordings of any calls between Plaintiff and Defendant.

11.    Any and all correspondence known by Plaintiff to have been received by third
       parties from Defendant.

12.    Any and all documents relating to the payment plan(s) set up between Plaintiff
       and Defendant.

13.    Any and all documents which support any of Plaintiff's allegations as set forth in
       her Complaint.

14.    All of Plaintiff's phone records from February, 2006 through March, 2007.

15.    Copies of any and all medical bills received by Plaintiff from Medical Center
       Enterprise and related to the Debt at issue in this litigation.

16.    All documents sent to Defendant in which Plaintiff requested that Defendant
       cease communications or otherwise stated that Plaintiff would not pay the Debt.

17.    All documents Plaintiff contends discharged her liability for the Debt.

18.    All documents relating to or concerning the bankruptcy action initiated by
       Plaintiff in November, 2002 which Plaintiff contends support her allegation that
       the Debt was discharged.

19.    All documents you were requested to identify in response to any Interrogatory
       served upon you contemporaneously with these Requests.

20.    All documents related to your answers, or upon which you relied in answering,
       any of Defendant's interrogatories or requests for admissions.

21.    All documents that support or refute, or which the Plaintiff contends support or
       refute, each of the statements and claims made in the Plaintiff's Complaint.

22. All documents that support or refute, or which the Plaintiff contends support or refute, Plaintiff's denial or partial denial of any of the requests for admissions served contemporaneously with these Requests.

23. All documents that were provided to or reviewed by any expert hired by Plaintiff in regard to this matter.

24. All documents that Plaintiff intends to rely upon or use in any trial related to this matter.

This $\underline{5}$ day of October, 2007.

Respectfully submitted,

James C. Huckaby, Jr.
J. Kirkman Garrett

*Local Counsel for*
*Medical Data Systems, Inc.*

CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

John G. Parker
(Admitted *pro hac vice*)
Georgia Bar No. 562425
Donald H. Crawford II
(Admitted *pro hac vice*)
Georgia Bar No. 141753
Stefanie Jackman
(Admitted *pro hac vice*)
Georgia Bar No. 335652

*Counsel for Medical Data Systems, Inc.*

PAUL, HASTINGS, JANOFSKY
    & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia  30308-2222
Telephone:  (404) 815-2400
Facsimile:  (404) 815-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of

record in this cause by placing a copy of same in the United States Mail, postage prepaid,

addressed as follows:

> Michael D. Brock, Esq.
> Gary Wyatt Stout, Esq.
> Walter Allen Blakeney, Esq.
> David Gerald Poston, Esq.
> BROCK & STOUT
> PO Drawer 311167
> Enterprise, AL 36331-1167
> brockstout@enter.twcbc.com
> walter@circlecitylaw.com
> david@circlecitylaw.com

This _5_ day of October, 2007.

Stefanie Jackman

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424

Exhibit 2

**Jackman, Stefanie H.**

| | |
|---|---|
| **From:** | Jackman, Stefanie H. |
| **Sent:** | Tuesday, October 30, 2007 2:00 PM |
| **To:** | 'David Poston' |
| **Cc:** | Boudreau, Candace E. |
| **Subject:** | RE: Toney v. Medical Data |

David,

I am happy to propose an alternative location in Dothan or, if it would be more convenient for you and Ms. Toney, I am happy to come to your office for the deposition. Please let me know your preference.

I am available for this deposition on December 4, 5, 6, and 11-14. Please let me know which date is most convenient.

Stefanie

Stefanie H. Jackman, Associate| Paul, Hastings, Janofsky & Walker LLP | 600 Peachtree Street, N.E., Suite 2400, Atlanta, GA 30308 | direct: 404 815 2298 | main: 404 815 2400 | direct fax: 404 685 5298 | stefaniejackman@paulhastings.com | www.paulhastings.com

**From:** David Poston [mailto:david@circlecitylaw.com]
**Sent:** Tuesday, October 30, 2007 1:40 PM
**To:** Jackman, Stefanie H.
**Subject:** Toney v. Medical Data

Stefanie:

In the above-styled case, please be advised that Ms. Toney will not attend the currently scheduled deposition for December 4, 2007, in Birmingham, Alabama. This case was filed in the Middle District of Alabama, Southern Division, which is in Dothan, Alabama. It is unreasonable to expect Ms. Toney or myself to travel 3 ½ hours to a deposition. Furthermore, you did not so much as propose dates for depositions.

If you wish to reschedule for a location in Dothan, Alabama, please provide me dates in which you are available.

Please provide a response no later than November 2, 2007, or I will seek a protective order.

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

**Jackman, Stefanie H.**

| | |
|---|---|
| **From:** | Walter Blakeney [walter@circlecitylaw.com] |
| **Sent:** | Thursday, November 29, 2007 4:18 PM |
| **To:** | Jackman, Stefanie H. |
| **Subject:** | RE: Toney depositions |

Stefanie:

   I apologize for my delay in responding.  My office is agreeable to rescheduling Ms. Toney's depositions given our delay in providing you with the Plaintiff's responses to the Defendant's discovery requests.  Those responses will be provided to you as quickly as possible.  We will check on our client's availability during weeks in January you suggested and provide you with possible deposition dates.  Per your email, my office will likely travel to Sebring to take additional depositions rather than attempt to hold them in Birmingham.  As such, we would prefer that Ms. Toney's deposition be taken in Enterprise.  I will contact you in the future regarding the scheduling of the Sebring depositions.
   If you have any questions or comments feel free to contact me at your convenience.

Walter

Walter A. Blakeney
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
walter@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

**From:** Jackman, Stefanie H. [mailto:stefaniejackman@paulhastings.com]
**Sent:** Tuesday, November 27, 2007 4:08 PM
**To:** Walter Blakeney
**Cc:** dposton724@gmail.com; Crawford, Donald H.; Lobodinski, Denise M.
**Subject:** Toney depositions

Walter,

I wanted to follow up on some of the issues we just discussed regarding Toney.

Given the stay, I am not concerned if you notice additional depositions after November 30, however, we reserve the right to object on other available grounds to the issuance of those subpoenas.

Also, given that I have no idea of the availability of my client or that of any employees that you may also notice depositions for, unless you will be willing to pay my client's expenses and those of other employees you may wish to depose for traveling to Birmingham, I will need to insist that any additional depositions take place in Sebring or where the additional employees you wish to depose are located.

I understand we will be rescheduling Ms. Toney's deposition in order to give you time to send your discovery

responses and me time to digest them and determine if a deposition of Ms. Toney is still necessary, given your responses. As we discussed, let's plan to reschedule Ms. Toney's deposition for after the holidays in early January. Assuming a joint deposition in Birmingham does not occur, I am still willing to come to Enterprise for Ms. Toney's deposition. I propose any day during the week of January 7th or 14th for the rescheduled deposition. Please confirm your agreement to rescheduling Ms. Toney's deposition to allow for adequate time for you to respond to discovery and for me to review it.

Please let me know if you have any questions.

Sincerely,
Stefanie

Stefanie H. Jackman, Associate| Paul, Hastings, Janofsky & Walker LLP | 600 Peachtree Street, N.E., Suite 2400, Atlanta, GA 30308 | direct: 404 815 2298 | main: 404 815 2400 | direct fax: 404 685 5298 | stefaniejackman@paulhastings.com | www.paulhastings.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

12/27/2007

Exhibit 3

1/17/2007

**Medical Data Systems, Inc. / dba Medical Revenue Services**
**Debtor Information Face Sheet**

2:06PM

*CAMBRON, JAMES R*

| Debtor Name | | Client Code | Client Member | | |
|---|---|---|---|---|---|
| CAMBRON, JAMES R | | 03572 | Flowers Hospital | | |

| Address | | P.O. Box, Suite Number, Mailbox Number | | Telephone Number | |
|---|---|---|---|---|---|
| P.BOX 464 | | | | (334) 598-5411 | |

| City, State Zip Code | | Current Employer | | Employer Telephone | |
|---|---|---|---|---|---|
| DALEVILLE, AL  36322-0464 | | J And S Enterprise*Vrzn Wrls Disc | | | |

| Date Of Birth | Social Security | Placement Date | Lift Days | Extension | Status | Letter Assigned | Last Activity |
|---|---|---|---|---|---|---|---|
| 12/01/1947 | 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 | 10/17/2001 | 20 Days | 09/21/2005 | Z | | 01/17/2007 |

Additional Comments
fld ch 7 9/8/05

| Account N° | Service Date | Placement Date | Account Status | Amount Placed | Total Payments | Total Adjustments | Current Balance | Patient Name |
|---|---|---|---|---|---|---|---|---|
| F9708100109 | 03/22/1997 | 10/15/2001 | | $1,386.55 | $0.00 | $1,386.55 | $0.00 | LEHR, TIMMY J |
| F9708500163 | 03/26/1997 | 10/15/2001 | | $307.68 | $0.00 | $307.68 | $0.00 | LEHR, TIMMY J |
| F0307000545 | 03/13/2003 | 07/02/2004 | | $58.77 | $0.00 | $58.77 | $0.00 | CAMBRON, JAMES R |
| F0402400129 | 01/24/2004 | 04/04/2005 | | $65.85 | $0.00 | $65.85 | $0.00 | CAMBRON, JAMES R |
| F0402500112 | 01/25/2004 | 04/04/2005 | | $55.74 | $0.00 | $55.74 | $0.00 | CAMBRON, JAMES R |
| **Total Accounts:** | | | | **$1,874.59** | **$0.00** | **$1,874.59** | **$0.00** | |

Debtor Notes

| | | |
|---|---|---|
| 11/25/2002 | MAIL RETURN NEW ADDRESS | Toni Neal |
| 11/25/2002 | removing 276 nathan dr zip 36322-6410 | Toni Neal |
| 11/25/2002 | Debtor Lift Days Changed From 22 To 25 | Toni Neal |
| 11/25/2002 | Debtor Extension Re-Assigned To 12/20/2002 | Toni Neal |
| 11/25/2002 | Letter PL3 Sent To Guarantor | System Administrator |
| 07/02/2004 | POSSIBLE NEW ADDRESS: P O Box 464 | System Administrator |
| 07/02/2004 | Po Box 464 | System Administrator |
| 07/02/2004 | Daleville AL 36322-0000 | System Administrator |
| 07/02/2004 | Debtor Status Changed From Z To UL | Medical Data Administrator |
| 07/20/2004 | Left Message At Residence | Louisa Christina Rivera |
| 07/20/2004 | Left Message At Residence | Louisa Christina Rivera |
| 07/20/2004 | Left Message At Place Of Employment | Louisa Christina Rivera |
| 07/20/2004 | Letter PL1 Assigned To Debtor | Louisa Christina Rivera |
| 07/20/2004 | Debtor Status Changed From UL To P2 | Louisa Christina Rivera |
| 07/20/2004 | Debtor Extension Re-Assigned To 08/19/2004 | Louisa Christina Rivera |
| 07/21/2004 | Letter PL1 Sent To The Debtor | Letter Manager |
| 04/04/2005 | POSSIBLE NEW ADDRESS: P O Box 464 | System Administrator |
| 04/04/2005 | Po Box 464 | System Administrator |
| 04/04/2005 | Daleville AL 36322-0000 | System Administrator |
| 04/04/2005 | POSSIBLE NEW ADDRESS: P O Box 464 | System Administrator |
| 04/04/2005 | Po Box 464 | System Administrator |
| 04/04/2005 | Daleville AL 36322-0000 | System Administrator |
| 04/04/2005 | Debtor Status Changed From P2 To UL | Medical Data Administrator |
| 04/06/2005 | POSSIBLE NEW ADDRESS: P O Box 464 | System Administrator |
| 04/06/2005 | Po Box 464 | System Administrator |
| 04/06/2005 | Daleville AL 36322-0000 | System Administrator |
| 04/06/2005 | POSSIBLE NEW ADDRESS: P O Box 464 | System Administrator |
| 04/06/2005 | Po Box 464 | System Administrator |
| 04/06/2005 | Daleville AL 36322-0000 | System Administrator |
| 04/14/2005 | Debtor Status Changed From UL To P1 | Emily M Lewis |
| 04/14/2005 | Debtor Extension Re-Assigned To 04/14/2005 | Emily M Lewis |
| 04/14/2005 | Checked Facility For Additional Info | Emily M Lewis |
| 04/14/2005 | Checked Facility For Additional Info | Emily M Lewis |
| 04/14/2005 | Insurance Paid Balance Due By Guarantor | Emily M Lewis |
| 04/14/2005 | Insurance Paid Balance Due By Guarantor | Emily M Lewis |
| 04/19/2005 | Letter PL1 Assigned To Debtor | Barbara Ann Thomas |
| 04/19/2005 | Debtor Status Changed From P1 To P2 | Barbara Ann Thomas |
| 04/19/2005 | Debtor Extension Re-Assigned To 05/19/2005 | Barbara Ann Thomas |

1/17/2007                  **Medical Data Systems, Inc. / dba Medical Revenue Services**                  2:06PM
                                    **Debtor Information Face Sheet**

*CAMBRON, JAMES R*

| 04/19/2005 | Address Changed From P.O.Box 464 Po Box 464 | Barbara Ann Thomas |
| 19/2005 | Daleville, AL 36322-0464 | Barbara Ann Thomas |
| 3/2005 | New Address P.O.Box 464 | Barbara Ann Thomas |
| 04/19/2005 | Daleville, AL 36322-0464 | Barbara Ann Thomas |
| 04/19/2005 | Employment Number Disc or nlis vrzn wrls (334) 790-9153 | Barbara Ann Thomas |
| 04/19/2005 | No Answer At Residence mlbx full | Barbara Ann Thomas |
| 04/20/2005 | Letter PL1 Sent To The Debtor | Letter Manager |
| 09/01/2005 | Letter PL2 Assigned To Debtor | Kristin Nicole Gwartney |
| 09/01/2005 | Debtor Status Changed From P2 To P3 | Kristin Nicole Gwartney |
| 09/01/2005 | Debtor Extension Re-Assigned To 09/21/2005 | Kristin Nicole Gwartney |
| 09/01/2005 | No Answer At Residence | Kristin Nicole Gwartney |
| 09/06/2005 | Letter PL2 Sent To The Debtor | Letter Manager |
| 09/21/2005 | Debtor Status Changed From P3 To SU | Daniel F. Dacey |
| 09/21/2005 | Cancellation Request Made On This Account | Daniel F. Dacey |
| 09/21/2005 | Cancellation Request Made On This Account | Daniel F. Dacey |
| 09/21/2005 | Cancellation Request Made On This Account | Daniel F. Dacey |
| 09/21/2005 | Cancellation Request Made On This Account | Daniel F. Dacey |
| 09/21/2005 | Cancellation Request Made On This Account | Daniel F. Dacey |
| 09/21/2005 | Guarantor Bankrupt | Daniel F. Dacey |
| 09/21/2005 | cs#05-11879 ;dtfld9/8/05 ;ch7 ;attnyr gll 188 n foster st ste | Daniel F. Dacey |
| 09/21/2005 | 100 dothan al 36303 334-673-0100 ; | Daniel F. Dacey |
| 09/22/2005 | Debtor Status Changed From SU To Z | Gary C. Rowe |
| 05/19/2006 | Debtor Information Face Sheet Requested | Lisa Flanagan |
| 06/30/2006 | Debtor Information Face Sheet Requested | Helen Perrotta |
| 01/17/2007 | Debtor Information Face Sheet Requested | Helen Perrotta |
| 01/17/2007 | Debtor Information Face Sheet Requested | Helen Perrotta |
| 01/17/2007 | Debtor Information Face Sheet Requested | Helen Perrotta |

/19/2007

**Medical Data Systems, Inc. / dba Medical Revenue Services**
**Debtor Information Face Sheet**

11:13AM

***CAMBRON, WENDY L***

| btor Name | | Client Code | Client Member | | | |
|---|---|---|---|---|---|---|
| C͏ᴹBRON, WENDY L | | 03572 | Flowers Hospital | | | |
| ξ             59 | | P.O. Box, Suite Number, Mailbox Number | | | Telephone Number | |
| PU BOX 464 | | | | | | (334) 598-5411 |
| y, State Zip Code | | Current Employer | | | Employer Telephone | |
| DALEVILLE, AL  36322-0000 | | CIA COLLECTIONS | | | | (334) 598-5411 |
| te Of Birth | Social Security | Placement Date | Lift Days | Extension | Status | Letter Assigned | Last Activity |
| 05/08/1971 | 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 | 05/02/2005 | | 09/01/2005 | SU | | 12/13/2006 |

ditional Comments
fid ch 7 9/8/05

| ccount N° | Service Date | Placement Date | Account Status | Amount Placed | Total Payments | Total Adjustments | Current Balance | Patient Name |
|---|---|---|---|---|---|---|---|---|
| 0329900837 | 08/27/2003 | 05/02/2005 | | $175.00 | $0.00 | $175.00 | $0.00 | CAMBRON, WENDY L |
| otal Accounts: | | | | $175.00 | $0.00 | $175.00 | $0.00 | |

abtor Notes

| | | |
|---|---|---|
| 05/20/2005 | Debtor Status Changed From UL To P1 | Emily M Lewis |
| 05/20/2005 | Debtor Extension Re-Assigned To 05/20/2005 | Emily M Lewis |
| 05/20/2005 | Checked Facility For Additional Info | Emily M Lewis |
| 05/20/2005 | Insurance Paid Balance Due By Guarantor | Emily M Lewis |
| 05/24/2005 | Letter PL1 Assigned To Debtor | Louisa Christina Rivera |
| 05/24/2005 | Debtor Status Changed From P1 To P2 | Louisa Christina Rivera |
| 05/24/2005 | Debtor Extension Re-Assigned To 06/23/2005 | Louisa Christina Rivera |
| 05/24/2005 | No Answer At Residence | Louisa Christina Rivera |
| 05/25/2005 | Letter PL1 Sent To The Debtor | Letter Manager |
| 09/01/2005 | Debtor Status Changed From P2 To NC | Kristin Nicole Gwartney |
| 09/01/2005 | Debtor Extension Re-Assigned To 09/01/2005 | Kristin Nicole Gwartney |
| 09/01/2005 | Residence Number Disc./ Wrong# / Nonpub | Kristin Nicole Gwartney |
| 09/21/2005 | Debtor Status Changed From NC To SU | Daniel F. Dacey |
| 09/21/2005 | Cancellation Request Made On This Account | Daniel F. Dacey |
| 09/21/2005 | Guarantor Bankrupt | Daniel F. Dacey |
| 1/2005 | cs#05-11879 ;dtfld9/8/05 ;ch7 ;attnyr gil 188 n foster st ste | Daniel F. Dacey |
| ₂1/2005 | n100 dothan al 36303 334-673-0100 ; | Daniel F. Dacey |
| 12/13/2006 | Debtor Information Face Sheet Requested | Dave Miller |

1/19/2007 **Medical Data Systems, Inc. / dba Medical Revenue Services** 11:12AM
**Debtor Information Face Sheet**

**CAMBRON, WENDY R**

| Debtor Name | | Client Code | Client Member | |
|---|---|---|---|---|
| CAMBRON, WENDY R | | 03590 | Medical Center Enterprise | |

| Address | P.O. Box, Suite Number, Mailbox Number | Telephone Number |
|---|---|---|
| BOX 464 | 276 Nathan Drive | (334) 598-5411 |

| City, State Zip Code | Current Employer | Employer Telephone |
|---|---|---|
| DALEVILLE, AL 36322-0000 | | (334) 494-4351 |

| Date Of Birth | Social Security | Placement Date | Lift Days | Extension | Status | Letter Assigned | Last Activity |
|---|---|---|---|---|---|---|---|
| 05/08/1971 | 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 | 12/15/2006 | | 12/15/2006 | Z | | 01/03/2007 |

Additional Comments
FLD CHAP 7 CS# 05-11879 ATNY DAVID G POSTON PH# 334-671-5555

| Account Nº | Service Date | Placement Date | Account Status | Amount Placed | Total Payments | Total Adjustments | Current Balance | Patient Name |
|---|---|---|---|---|---|---|---|---|
| E0810900023 | 04/19/2006 | 12/15/2006 | | $2,349.51 | $0.00 | $0.00 | $2,349.51 | CAMBRON, WENDY R |
| E0606000233 | 03/01/2006 | 12/15/2006 | | $9,728.14 | $0.00 | $0.00 | $9,728.14 | CAMBRON, WENDY R |
| **Total Accounts:** | | | | **$12,077.65** | **$0.00** | **$0.00** | **$12,077.65** | |

Debtor Notes

| | | |
|---|---|---|
| 12/15/2006 | Letter PL1 Assigned To Debtor | Medical Data Administrator |
| 12/15/2006 | EMP. PHONE CHANGED FROM: TO:3344944351 | Medical Data Administrator |
| 12/19/2006 | Letter PL1 Sent To The Debtor | Letter Manager |
| 01/03/2007 | Debtor Status Changed From UL To Z | Theresa Turner |
| 01/03/2007 | Charge Status Set to BNK | Theresa Turner |
| 01/03/2007 | Charge Status Set to BNK | Theresa Turner |
| 01/03/2007 | Guarantor Bankrupt | Theresa Turner |
| 01/03/2007 | FLD CHAP 7 CS# 05-11879 ATNY DAVID G POSTON PH# 334-671-5555 | Theresa Turner |

JAN 1 9 2007

Exhibit 4

03/06/2007      **Medical Data Systems, Inc. / dba Medical Revenue Services**      2:06PM
**Debtor Information Face Sheet**

**PASSMORE, CYNTHIA F**

| Debtor Name | Client Code | Client Number | | |
|---|---|---|---|---|
| PASSMORE, CYNTHIA F | 03590 | Medical Center Enterprise | | |
| Street Address | P.O. Box, Suite Number, Mailbox Number | | Telephone Number | |
| 43 SOUTHLAND TRAILOR | | | (334) 670-0573 | |
| City, State Zip Code | Current Employer | | Employer Telephone | |
| TROY, AL 36079-0000 | | | | |
| Date Of Birth | Social Security | Placement Date | Lit Days | Extension | Status | Letter Assigned | Last Activity |
| 06/24/1964 | 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 | 01/30/2006 | 1 Days | 09/06/2006 | Z | | 03/06/2007 |

Additional Comments
FLD CHAP 13 DT FDL 11-11-02 CS# 02-12547 ATNY MICHAEL D BROCK PH# 334-393-4357

| Account N° | Service Date | Placement Date | Account Status | Amount Placed | Total Payments | Total Adjustments | Current Balance | Patient Name |
|---|---|---|---|---|---|---|---|---|
| E0323100026 | 08/19/2003 | 01/27/2006 | | $55.00 | $0.00 | $55.00 | $0.00 | PASSMORE, CYNTHIA F |
| E0333200036 | 11/28/2003 | 01/27/2006 | | $75.00 | $0.00 | $75.00 | $0.00 | PASSMORE, CYNTHIA F |
| E0322400161 | 08/12/2003 | 01/27/2006 | | $447.65 | $150.00 | $297.65 | $0.00 | PASSMORE, CYNTHIA F |
| **Total Accounts:** | | | | **$577.65** | **$150.00** | **$427.65** | **$0.00** | |

Debtor Notes:

| | | |
|---|---|---|
| 02/16/2006 | Charge Status Set to RBAL | Betty Morris |
| 02/16/2006 | Debtor Status Changed From UL To P1 | Betty Morris |
| 02/16/2006 | Insurance Paid Balance Due By Guarantor | Betty Morris |
| 02/16/2006 | Insurance Paid Balance Due By Guarantor | Betty Morris |
| 02/16/2006 | Checked Facility For Additional Info | Betty Morris |
| 02/16/2006 | Checked Facility For Additional Info | Betty Morris |
| 02/16/2006 | Checked Facility For Additional Info | Betty Morris |
| 03/23/2006 | Charge Status Changed From RBAL To INSX | Monica Marquez |
| 03/23/2006 | Talked To Guarantors Insurance Carrier | Monica Marquez |
| 03/23/2006 | per bcbs recorder clm pressed on 9/25/03 and 472.65 went towards | Monica Marquez |
| 03/23/2006 | pt ded amt, pt liable | Monica Marquez |
| 04/19/2006 | Letter PL1 Assigned To Debtor | Denise Bobelak |
| 04/19/2006 | Debtor Status Changed From P1 To P2 | Denise Bobelak |
| 04/19/2006 | Debtor Extension Re-Assigned To 05/19/2006 | Denise Bobelak |
| 04/19/2006 | No Answer At Residence | Denise Bobelak |
| 04/20/2006 | Letter PL1 Sent To The Debtor | Letter Manager |
| 04/27/2006 | Debtor Status Changed From P2 To E | Trisda Marshall |
| 04/27/2006 | Debtor Extension Re-Assigned To 05/17/2006 | Trisda Marshall |
| 04/27/2006 | Return Call From Guarantor | Trisda Marshall |
| 04/27/2006 | mm gvn dbtr vrfyd dob dbtr wntd to be pt on PPLAN sld that she | Trisda Marshall |
| 04/27/2006 | cld mail out first pymnt of 50.00 on 5/12/06 informd dbtr she | Trisda Marshall |
| 04/27/2006 | wld be set up on a PPLAN aftr we receieve frst pymnt | Trisda Marshall |
| 05/08/2006 | Debtor Extension Re-Assigned To 05/09/2006 | Victoria Rana Williams |
| 05/09/2006 | Debtor Extension Re-Assigned To 05/31/2006 | Denise Bobelak |
| 05/09/2006 | Charge Status Changed From INSX To PPLAN | Denise Bobelak |
| 05/09/2006 | Charge Status Set to PPLAN | Denise Bobelak |
| 05/09/2006 | Charge Status Set to PPLAN | Denise Bobelak |
| 05/09/2006 | Payment Arrangement Setup For $50.00 Every 30 Days | Denise Bobelak |
| 05/09/2006 | Letter PPLAN Assigned To Debtor | Denise Bobelak |
| 05/09/2006 | Debtor Status Changed From E To PPLAN | Denise Bobelak |
| 05/09/2006 | Debtor Extension Re-Assigned To 05/09/2006 | Denise Bobelak |
| 05/16/2006 | Debtor Extension Re-Assigned To 06/05/2006 | Denise Bobelak |
| 06/06/2006 | Letter PPLAN Sent To The Debtor | Letter Manager |
| 06/06/2006 | Debtor Extension Re-Assigned To 06/28/2006 | Denise Bobelak |
| 06/15/2006 | Debtor Extension Re-Assigned To 07/16/2006 | Victoria Rana Williams |
| 07/05/2006 | No Answer At Residence | Belinda Anderson |
| 07/10/2006 | Letter PPLAN Sent To The Debtor | Letter Manager |
| 07/17/2006 | Debtor Extension Re-Assigned To 07/31/2006 | Belinda Anderson |
| 07/17/2006 | Talked To Guarantor At Residence | Belinda Anderson |
| 07/17/2006 | Cld askd fr debtor sh answd ph sh identof hrslf as debtor I | Belinda Anderson |

03/06/2007              **Medical Data Systems, Inc. / dba Medical Revenue Services**              2:08PM
**Debtor Information Face Sheet**

*PASSMORE, CYNTHIA F*

| | | |
|---|---|---|
| 07/17/2006 | sd whr I ws cling frm ph discond conws ended | Belinda Anderson |
| 08/01/2006 | Talked To Guarantor At Residence | Belinda Anderson |
| 08/01/2006 | spk with debtor sh idenifd hrsif I mmd hr sd the cll was a followup | Belinda Anderson |
| 08/01/2006 | cll per pmt pln egred sd sh forgot bl wl snd pmyt In nx wk | Belinda Anderson |
| 08/01/2006 | 8-4-06 I sd I'll do another follow up cll per thl pymt of $50.00 | Belinda Anderson |
| 08/01/2006 | conws ended | Belinda Anderson |
| 08/07/2006 | Debtor Status Changed From PPLAN To DFLT | Medical Data Administrator |
| 08/07/2006 | Charge Status PPLAN Removed From Account | Medical Data Administrator |
| 08/08/2006 | Letter PPLAN Not Sent:  Debtor Defaulted On Payment Plan | Letter Manager |
| 08/11/2006 | No Answer At Residence | Belinda Anderson |
| 08/18/2006 | Letter DEFAULT Assigned To Debtor | Belinda Anderson |
| 08/18/2006 | Debtor Status Changed From DFLT To P2 | Belinda Anderson |
| 08/18/2006 | Debtor Extension Re-Assigned To 09/08/2006 | Belinda Anderson |
| 08/18/2006 | No Answer At Residence | Belinda Anderson |
| 08/24/2006 | Letter DEFAULT Sent To The Debtor | Letter Manager |
| 09/05/2006 | Debtor Status Changed From P2 To E | Theresa Turner |
| 09/05/2006 | Debtor Extension Re-Assigned To 09/06/2006 | Theresa Turner |
| 09/07/2006 | Guarantor Bankrupt | Theresa Turner |
| 09/07/2006 | FLD CHAP 13 DT FDL 11-11-02 CS# 02-12547 ATNY MICHAEL D BROCK | Theresa Turner |
| 09/07/2006 | PH# 334-393-4357 | Theresa Turner |
| 09/07/2006 | Debtor Status Changed From E To Z | Theresa Turner |
| 09/07/2006 | Charge Status Set to BNK | Theresa Turner |
| 09/07/2006 | Charge Status Set to BNK | Theresa Turner |
| 09/07/2006 | Charge Status Set to BNK | Theresa Turner |
| 09/07/2006 | Cancellation Request Made On This Account | Medical Data Administrator |
| 09/07/2006 | Cancellation Request Made On This Account | Medical Data Administrator |
| 09/07/2006 | Cancellation Request Made On This Account | Medical Data Administrator |
| 03/06/2007 | Debtor Information Face Sheet Requested | Nancy Matos |